## BOFFINGER *v.* TUYES.

ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE
EASTERN DISTRICT OF LOUISIANA.

Argued January 14, 17, 1887. — Decided January 31, 1887.

The payment, after an adverse decree in the appellate court, of an agreed
sum in compromise and settlement of his liability, by a surety on an ap-
peal bond to the attorney of record in the suit, fully authorized by his
principal to make the settlement and compromise, and a written receipt,
signed by the attorney as attorney of record, stating that the money is
paid "in full satisfaction of the decree rendered against" the surety,
constitute an accord and satisfaction which can be set up in an action
against the surety on the appeal bond; and proof that the proposition
for compromise was made by defendant and accepted by plaintiff in the
original suit, with the expectation that the litigation would be termi-
nated, and that, notwithstanding this, other parties had taken a further
appeal to this court to which the surety was not a party, is not admissi-
ble to vary the force of the satisfaction.

THIS was an action against sureties in an appeal bond.
Judgment for defendants, to review which plaintiffs sued out
this writ of error. The case is stated in the opinion of the
court.

*Mr. O. B. Sansum* for plaintiffs in error.

*Mr. Richard H. Browne* for defendants in error. *Mr.
Charles E. Schmidt* and *Mr. Charles B. Singleton* were with
him on the brief.

MR. JUSTICE MATTHEWS delivered the opinion of the court.

In a maritime cause of collision arising on the waters of
the Mississippi River, the owners of the steamboat Sabine
filed their libel in the District Court of the United States
for the Eastern District of Louisiana, against the steamboat
Richmond, to recover damages for the loss alleged to have
been occasioned by the fault of the latter. The owners and
claimants of the Richmond, being the plaintiffs in error in this

cause, defended against the libel filed by the owners of the Sabine, and also filed a cross libel, alleging damage to the Richmond in the collision caused by the fault of the Sabine, and claiming damages therefor. A decree was rendered in this cause June 5, 1873, against the steamboat Sabine and her owners, Sarah C. Shirley, R. F. Fuller, and America B. Selby, and Nathaniel C. Selby, her husband, together with Alfred Moulton, Charles Cavaroc, Jules Tuyes, and Achille Chiapella, the four last named being sureties for the owners of the Sabine in a bond for the sum of $8000, conditioned to pay any damages adjudged in favor of the owners of the Richmond as cross libellants in the suit, which the libellants had been required by the court to give. The amount of the decree against the owners of the Sabine, as principals, was $9750 damages, besides costs, and against each of the four named sureties the sum of $2000, that being the amount limited in the obligation as the several liability of each. From this decree all the parties appealed to the Circuit Court of the United States for the Eastern District of Louisiana. For the purpose of perfecting the appeal, Fuller, Moulton, Cavaroc, Tuyes, and Chiapella executed and filed an appeal bond in the sum of $20,000, the condition of which was that if they should prosecute their appeal to effect, and answer all damages and costs, and satisfy whatever judgment might be rendered against them if they failed to make their appeal good, the obligation should be void; and on this bond J. W. Hincks and Pierre S. Wiltz, two of the defendants in error, were sureties, each in the sum of $5000. The cause was heard on this appeal in the Circuit Court on the 11th of March, 1876, when a decree was rendered in the cause, dismissing the original libel, maintaining the cross libel, and condemning the original libellants, the owners of the steamboat Sabine, together with their sureties in the original bond of $8000, viz., Moulton, Cavaroc, Tuyes, and Chiapella, to pay to the owners of the steamboat Richmond as damages the sum of $7392.60, with costs. The decree of the Circuit Court as against Moulton, Cavaroc, Tuyes, and Chiapella, sureties as aforesaid, was several as against each in the sum of $2000, that being the

amount for which they respectively bound themselves. From this decree of the Circuit Court the owners of the steamboat Sabine, the original libellants, together with the Merchants' Mutual Insurance Company, the Mechanics' and Traders' Insurance Company, the Factors' and Traders' Insurance Company, the New Orleans Mutual Insurance Company, the Sun Mutual Insurance Company, the New Orleans Insurance Association, the Crescent Mutual Insurance Company, and the Commercial Insurance Company, all which insurance companies were libellants and intervenors in certain other similar causes consolidated with that of the original libel of the owners of the Sabine against the Richmond, joined in an appeal to the Supreme Court of the United States from the several decrees rendered in the consolidated causes, including that in which the present defendants in error were parties. The bond given for the prosecution of that appeal to the Supreme Court was in the sum of five hundred dollars, and did not operate as a supersedeas. The defendants in error in this cause were not parties to this appeal. The appeal from the decree of the Circuit Court was heard at the October term, 1880, of the Supreme Court, when it was ordered and decreed that the decree of the Circuit Court appealed from should be and the same was affirmed. Subsequently an execution was issued on the decree of the Circuit Court, running against Moulton, Cavaroc, Tuyes, and Chiapella, for the sum of $7292.60, with interest at five per cent. per annum from March 11, 1876, and costs. Motions were made on May 3, 1881, on behalf of Moulton and Tuyes, defendants in that execution, to quash the same on the ground that the said decree, as against each of the said sureties, had been satisfied and discharged. These motions came on to be heard June 16, 1881, on consideration whereof they were allowed, and the writ of *fieri facias* quashed, and the marshal ordered to desist from any further proceedings thereunder.

The plaintiffs in error thereafter, on the 7th of March, 1882, being the owners of the steamboat Richmond or their representatives, commenced this action against the defendants in error, as parties to the appeal bond given for the prosecution

of the appeal from the original decree of the District Court to the Circuit Court. The defendants rely upon two defences: 1st, That the matters in controversy were finally adjudged in their favor by the Circuit Court on the motion to quash the execution issued against them on its decree, so as to constitute an estoppel upon the principle of *res judicata;* 2d, That the decrees of the Circuit Court against them respectively were discharged by payments made and accepted in full satisfaction thereof, by way of compromise, prior to the appeal taken by the other parties to the Supreme Court of the United States. The cause came on to be heard before the Circuit Court on May 29, 1883, when the parties, having duly waived the intervention of a jury, submitted the cause to the court; on consideration whereof, the court rendered judgment in favor of the defendants. The object of the present writ of error is to reverse that judgment.

It appears from the bill of exceptions taken on the trial that the plaintiffs below, to maintain the issues on their part, put in as evidence in said cause the appeal bond, decree and final judgment, and the mandate of the Supreme Court of the United States, as the same are described and referred to in the plaintiffs' petition, and also the amount of costs taxed in the cause, amounting to the sum of $1593.45, and rested their case. Thereupon the defendants, to maintain the issues on their part, put in evidence, among other matters, the following:

1st. The decree rendered by the District Court against the owners of the Sabine in favor of the cross libellants, the owners of the Richmond, showing the amount decreed against the sureties on the bond of $8000 to be the sum of $2000 each.

2d. The decree of the Circuit Court in the same cause in the amount of $7392.60 *in solido* against the owners of the steamer Sabine, and against the sureties on the original bond for $8000 in the sum of $2000 each.

3d. The petition and allowance of the appeal from that decree to the Supreme Court of the United States, together with the appeal bond for the prosecution thereof.

4th. The record of the proceedings in the Circuit Court on the motion to quash the execution, together with the judg-

ment of the court allowing said motion and quashing the said execution.

5th. Four written papers signed by Kennard, Howe & Prentiss, attorneys of record for the owners of the steamer Richmond in the proceedings in admiralty, showing payments made by the parties respectively in satisfaction of the decree of the Circuit Court against them, which papers are as follows:

"U. S. Circuit Court.

"Sarah C. Shirley et als. *v.* St'r Richmond.

"Rec'd, New Orleans, July 3d, 1876, from Jules Tuyes, Esq., security on the bond given by libellants in the above cause to respond to the cross libel filed by N. S. Green et al., claimants of the steamer Richmond, the sum of eleven hundred and sixty-six $\frac{66}{100}$ dollars in full satisfaction of decree rendered against him in above entitled cause, and I hereby subrogate him to the rights of N. S. Green and owners of the st'r Richmond.

(Signed) "KENNARD, HOWE & PRENTISS,

"*Att'ys for Owners of Richmond.*"

"Received, New Orleans, Sept. 28th, 1876, from Home Ins. Co., fifteen hundred dollars in full of all claims against said company arising out of a certain bond given in case No. 7057, U. S. Circuit Court (admiral appeal), entitled Sarah C. Shirley & others *v.* St'r Richmond & others, and Merchants' Mutual Ins. Co. *v.* St'r Sabine & others (consolidated); said bond, signed for $2000 by Alf. Moulton for the Home Co:, being given to secure the payment of whatever judgment the Richmond and owners, cross libellants, should obtain against the Sabine owners. The above sum is in full settlement as a compromise of the Home Ins. Co.'s liability.

(Signed) "KENNARD, HOWE & PRENTISS,

"*Att'ys for Richmond & Owners.*"

"U. S. Circuit Court.

"Sarah C. Shirley et als. *v.* St'r Richmond.

"Received, New Orleans, July 3d, 1876, from the New Orleans Insurance Association, for account of Mr. C. Cavaroc,

security on the bond given by libellants in the above cause to respond to the cross libel filed by N. S. Green & al., claimants of the st'r Richmond, the sum of $1166.66 dollars, in full sat-isfaction of decree rendered against said C. Cavaroc in above entitled cause, and I hereby subrogate the said New Orleans Insurance Association to the rights of N. S. Green and owners of the st'r Richmond.

"$1166.66.    (Signed)    KENNARD, HOWE & PRENTISS,
                         "*Att'ys for Owners of Richmond.*"

"U. S. Circuit Court.

"Sarah C. Shirley & als. *v.* St'r Richmond.

"Received, New Orleans, July 3d, 1876, from Mr. A. Chia-pella, security on the bond given by libellants in the above cause to respond to the cross libel filed by N. S. Green & al., claimants of the st'r Richmond, the sum of eleven hundred and sixty-six $\frac{66}{100}$ dollars, in full satisfaction of decree rendered against him in above entitled cause, and I hereby subrogate him to the rights of N. S. Green and owners of the st'r Rich-mond.

(Signed)    "KENNARD, HOWE & PRENTISS,
                         "*Att'ys for Owners of Richmond.*"

It was then proved by John Kennard, a member of the firm of Kennard, Howe & Prentiss, that he signed the papers by the firm name of Kennard, Howe & Prentiss, who were the attorneys for the steamer Richmond; that he received the sums of money in the said papers severally mentioned, and that he executed the said papers under plenary authority from the plaintiffs to make the compromise. The plaintiffs then offered to prove by the same witness that the proctors for the owners of the steamer Sabine opened a negotiation with him to compromise said case, and offered to pay the sum of $5000 for a compromise of the litigation then pending between the parties, and threatened an appeal from the decree and judg-ment of the Circuit Court, which had been rendered in favor of the owners of the steamer Richmond, unless said money should be accepted and said compromise effected; and that for the pur-

pose of ending said litigation he accepted said money and compromised said case; that it was expressly agreed by the parties to that cause that said litigation was then ended, and that no appeal should be taken from the said decree and judgment of the Circuit Court. To this offer and evidence the defendants objected on the ground that the papers in evidence constituted a contract in writing between the parties, and that no parol evidence impeaching them could be received. The court sustained the objection, and refused to hear the evidence, to which ruling the plaintiffs excepted.

It is not important to determine what effect, if any, should be given to the proceedings and order of the Circuit Court on the motion of the defendants Tuyes and Moulton to quash the execution issued on the decree against them. It does not appear from the record of these proceedings on what ground the judgment of the court was placed, and in its terms it is not final, as it merely quashes the particular writ of execution then in the marshal's hands, and directs him to take no further proceedings thereunder. If it had been based upon a finding of a payment of the decree, or of an accord and satisfaction equivalent to payment, and had directed satisfaction of the decree to be entered of record, as it clearly had power to do in such a proceeding, the judgment would have been conclusive as a defence to the bond in suit, notwithstanding the summary character of the proceeding. *United States* v. *McLemore,* 4 How. 286; *Perkins* v. *Fourniquet,* 14 How. 328. But the introduction of the record of these proceedings as evidence did not prejudice the plaintiffs in error, for the other evidence in the cause, and which no doubt is the same on which the Circuit Court acted in that proceeding, shows an accord and satisfaction equivalent to a payment of the decree, and, in equity, to a satisfaction and discharge. It is so expressed in each of the papers executed at the time, which, although they are in one sense receipts acknowledging the payment of money, are also written evidence of an executed agreement by which the money was received in full payment and settlement of the decree and of the bond given for its payment now sued on. It is shown that the attorneys for the

owners of the Richmond, who signed those receipts, were fully authorized to do so. The contract in each case is with the individual defendant for a satisfaction of the decree rendered against him severally. The payment and receipt of the money in pursuance of the agreement amounted to a release of errors, so that there was a valuable consideration to sustain the contract whereby a less sum than the amount due by the decree was received in full payment.

The offer on the part of the plaintiffs in error to prove by parol another condition of the contract, viz., that the other defendants, the owners of the steamboat Sabine, and the intervenors and other parties, the several insurance companies who had become parties to the appeal, should not take and perfect an appeal to the Supreme Court of the United States, was rightly rejected, because such parol evidence necessarily varied and contradicted the written agreement of the parties. The papers in evidence established a complete accord and satisfaction fully performed, in pursuance of an agreement to extinguish the liability of the defendants by reason of the original decree, and so to satisfy the obligation of the bond on which they are sued. The right of the defendants to appeal from the decree, and the fact that they had declared their intention to do so, created such a dispute in respect to their liability as made it a proper subject of compromise. A compromise was made and fully performed on their part; they paid the money, which was received in payment of the decree, and took no appeal. It is not now open to the plaintiffs in error to treat this payment merely as a credit on account and hold the defendants to their original liability. *United States* v. *Child,* 12 Wall. 232; *Oglesby* v. *Attrill,* 105 U. S. 605.

The technicality difficulty, that there can be no satisfaction and discharge of a judgment or decree, except by matter of record, *Mitchell* v. *Hawley,* 4 Denio, 414; *S. C.* 47 Am. Dec. 260, cannot be interposed. At common law actual payment of a debt of record could not be pleaded in bar of an action for the recovery of the debt. This has been changed by statute both in England and in this country, and no reason can be assigned why an accord and satisfaction should not have

the same effect. In the present case the action is not on the decree, but on the appeal bond, and for the recovery of damages arising from the breach, as to which matters *in pais*, such as payment or accord and satisfaction, were always a good plea.

*Judgment affirmed.*