TAYLOR et al. v. KIMMERLE.

(Circuit Court of Appeals, Sixth Circuit. May 2, 1916.)

No. 2738.

1. COMPROMISE AND SETTLEMENT ☞19(2)—SETTING ASIDE OF COMPROMISE—RIGHT TO SET ASIDE.

Bondholders, familiar with the situation and desirous of effecting a quick reorganization, acquired from a bankrupt estate a vendor's lien, as well as bonds. Other persons interested refused to consent to a dismissal of the litigation, and the vendor's lien, as well as the bonds acquired, were denied priority. *Held* that, as the purchase was a compromise settlement and an adjustment of disputed claims, made in good faith and without fraud, the purchasing bondholders, who were familiar with the situation, are not entitled to have the order of purchase set aside and a return of the purchase price on the ground of failure of consideration.

[Ed. Note.—For other cases, see Compromise and Settlement, Cent. Dig. §§ 71–73; Dec. Dig. ☞19(2).]

2. BANKRUPTCY ☞260—SALES—WARRANTIES.

A court, which approved a trustee's report and authorized him to sell bonds and a vendor's lien, did not thereby so warrant the priority of such claims over other claims that it was judicial bad faith for the same court to thereafter hold other claims prior to the claims sold.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 360; Dec. Dig. ☞260.]

Appeal from the District Court of the United States for the Western District of Michigan; Clarence W. Sessions, Judge.

Petition by William L. Taylor and another against Charles H. Kimmerle, trustee in bankruptcy, for an order requiring Kimmerle to repay the sum they had paid in purchasing assets of the bankrupt estate. From an order dismissing the petition, petitioners appeal. Affirmed.

H. F. Williams, of Chicago, Ill., for appellants.

W. F. McKnight, of Grand Rapids, Mich., for appellee.

Before KNAPPEN and DENISON, Circuit Judges, and SANFORD, District Judge.

DENISON, Circuit Judge. The question involved on this appeal is thus most concisely stated by appellant's counsel:

"Charles H. Kimmerle, as trustee in bankruptcy, sold to William L. Taylor and Frank M. Millikan a vendor's lien for something over $8,000, face value, and $36,000 face value, of bonds, for $6,500 in cash, and the sale was approved by the District Court. Taylor and Millikan did not buy for speculative purposes and were admittedly acting in the best of good faith. The same court shortly thereafter, in another proceeding concurrently pending, held that the vendor's lien and the bonds were void. Thereupon, and before Kimmerle had distributed the $6,500, Taylor and Millikan filed their petition in the bankruptcy cause, setting up, in substance, the fact that the vendor's lien and the bonds were void, and praying for an order on Kimmerle to repay to them $6,500, which they had previously paid to him, on the ground that they had never received any consideration for it. The court, on the admitted facts, denied the right of Taylor and Millikan to have their money repaid to them, and dismissed their petition. The matter now comes to this court on the appeal of Taylor and Millikan."

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

[1] This statement may be adopted, save as to the phrase "held void." The vendor's lien was denied priority over the mortgage in foreclosure, and the bonds in question were held not to have been so issued to Kimmerle as to carry a right to share in the foreclosure proceeds. Kimmerle was insisting in the foreclosure suit that these claims of his were rightful. Taylor and Millikan, as large bondholders, were adversely interested. They agreed to buy out Kimmerle's interests and claims for $6,500, expecting thereby to accomplish an adjustment of all disputes and a quick reorganization of the corporation in receivership under mortgage foreclosure. This expectation failed only because outside bondholders disapproved and compelled the litigation to go on to an adjudication.

We are satisfied that this judgment must be affirmed on the ground that the purchase was a compromise settlement and adjustment of disputed claims and was made in good faith and without fraud. The fact that it involved an assignment, instead of a surrender, of claims in litigation is of no importance. Taylor and Millikan fully understood the situation; they may have been mistaken about the legal questions involved, but it is not likely that they regarded these questions as important; they wanted to get the litigation out of the way; and the fact that there is a later judicial determination against the validity or value of the rights involved cannot justify rescinding a settlement so made. We had occasion to dispose of a case upon this principle very recently (American Co. v. Waltermire, 231 Fed. 412, —— C. C. A. ——), and we thought the principle too familiar to require citation of authorities; but for illustrative cases, see Bofinger v. Tuyes, 120 U. S. 198, 7 Sup. Ct. 529, 30 L. Ed. 649, in which it appeared that parties had made a compromise settlement under the supposition that it would terminate litigation, but other parties had unexpectedly taken an appeal, and in which it was held that the settlement would not thereby fail; and see, also, Union Bank v. Geary, 5 Pet. 99, 114 (8 L. Ed. 60), in which it was said:

"So that this question, at the time the contract was entered into, was considered by the bank at least doubtful. And to permit a subsequent judicial decision on this point in their favor, as having retrospective effect, so as to annul a settlement or agreement made by them under a different state of things, would be sanctioning a most mischievous principle."

[2] We are unable to approve appellant's theory that the court which approved the trustee's report and authorized him to make the sale thereby so warranted the legal priority of the claims sold over certain adverse claims that it was judicial bad faith for the same court afterwards in another case to decide these questions against the interests of Taylor and Millikan.

The order dismissing their petition is affirmed.