## BIRBALAS v. CUNEO PRINTING INDUSTRIES, Inc.

### No. 8379.

Circuit Court of Appeals, Seventh Circuit.

Feb. 25, 1944.

Herman A. Fischer and John F. Arnold, both of Chicago, Ill., for appellant.

Hart E. Baker and Ben Meyers, both of Chicago, Ill., for appellee.

Douglas B. Maggs and Bessie Margolin, Dept. of Labor, both of Washington, D. C., and Kenneth P. Montgomery, Dept. of Labor, of Chicago, Ill., for Wage and Hour Division.

Before EVANS and SPARKS, Circuit Judges, and LINDLEY, District Judge.

LINDLEY, District Judge.

Defendant appeals from a judgment awarding plaintiffs, certain of its employees, liquidated damages and attorneys' fees in an action brought under the Fair Labor Standards Act, 29 U.S.C.A. § 216 (b), to recover compensation for overtime, liquidated damages and attorneys fees.

Prior to commencement of the suit, the Administrator of the Wage and Hour Division of the Department of Labor sued to enjoin defendant from violating Sections 15(a) (1) and 15(a) (2) of the Act, 29 U.S.C.A. § 215(a) (1, 2). Subsequently, on December 9, 1940, four of the plaintiffs

brought this action in behalf of themselves and other persons similarly situated. On February 27, 1941, a consent decree was entered in the cause instituted by the Administrator enjoining defendant from violating the law and directing it to pay the overtime compensation found due its employees. On the same day defendant paid plaintiffs, except Joseph Birbalas, the amounts computed pursuant to the decree. Each executed a release accepting the amount found due for overtime and containing this additional language: "In consideration of said payment I hereby release and forever discharge Cuneo Printing Industries, Inc. * * * from any and all liabilities, penalties, actions, or causes of action which I have or may have under the terms and provisions of said Act."

Defendant, on June 26, 1941, answered the complaint, setting up payment to plaintiffs and execution of the purported releases by all plaintiffs other than Birbalas. On January 5, 1943, defendant filed a supplemental answer averring similar payment to and release by Birbalas. On January 14, 1943, plaintiffs amended their complaint by adding seventeen other employees, all of whom had been paid compensation for overtime at the same time as the other plaintiffs and had executed similar releases. Following this defendant moved for summary judgment upon the pleadings and an affidavit which set forth the payment and execution of the releases and incorporated the latter as exhibits. Thereupon plaintiffs likewise moved for summary judgment. Thereafter judgment was entered denying defendant's motion for summary judgment, allowing plaintiffs' and granting them the liquidated damages specified by statute and attorneys' fees.

Defendant contends that the releases worked an accord and satisfaction of plaintiffs' pending unsatisfied demands for overtime compensation, liquidated damages and attorneys' fees. It insists that the record discloses such an existing controversy between the parties at the time the releases were executed as to furnish consideration for a valid binding compromise. Plaintiffs reply that the record discloses no consideration to support an accord and satisfaction and, further, that, if it does, it is impossible, in view of the terms of the statute, for employees to settle for less than the statutory liability for overtime compensation plus liquidated damages of 100 per cent thereof and reasonable attorneys' fees. They assert that the public policy reflected by the statute mandatorily necessitates and can be satisfied only by an allowance and satisfaction of not only overtime compensation but also damages and attorneys' fees.

We examine first the assertion that consideration existed for a valid compromise and release. In view of the fact that no evidence was heard but that the motions for summary judgment were decided upon the pleadings, plus an affidavit reciting merely a history of what the pleadings disclosed, the only evidence in this respect is that the releases recite that the consideration for their execution by the employees was the payment of the amount due for overtime, the basis for which was determined in the injunction suit. And, though plaintiffs were not parties to that suit, the record is devoid of any evidence that any plaintiff demanded any more than the amounts directed to be paid in that decree or computed as provided therein. We find no evidence whatsoever to support an assertion of any bona fide dispute between the employees and the employer as to the amounts due the former or as to any other fact. Rather the record merely discloses that plaintiffs were willing to accept and did accept the amounts adjudged due in the suit of the administrator. The affidavit submitted by defendant in its motion for summary judgment recites no further consideration and discloses no then existing bona fide controversy as to the respective rights of the parties. We conclude, therefore, that the releases were without consideration other than the payment of the exact amount claimed by and due to the employees for unpaid overtime wages.

The issue then, stripped of any question as to the validity of a release of unliquidated damages based upon a compromise of a bona fide dispute, is whether plaintiffs, after suit brought, upon admission of the propriety of their demands, may legally waive, in consideration of the payment of the wages due, payment of damages and attorneys' fees. As to the first group of plaintiffs, that is, the original suitors, payment was made after the suit was begun. The remaining plaintiffs, who intervened later, were paid before they intervened. Thus the question is dual in character as

it involves the issue as to two classes of suitors.

Section 16 (b) of the Act declares that an employer who violates section 6 or section 7, 29 U.S.C.A. §§ 206, 207, that is, fails to pay the minimum wage rates prescribed by the first or the overtime compensation prescribed by the latter "shall be liable to the employee or employees affected in the amount of their unpaid minimum wages or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages." The section also directs the court to allow as a part of the judgment a reasonable attorneys' fees to be paid by defendants, and costs of suit.

■ It is the expressed hope and policy of the Congress, as declared in various statutes, to promote attainment of that much to be desired end, industrial peace between employer and employee; and it is reasonable to believe that this policy would best be advanced by the recognition of validity of compromises. Indeed, it has long been public policy to favor settlement of controversies, as conducive to termination of litigation. Chicago, Milwaukee & St. Paul Ry. Co. v. Clark, 178 U.S. 353, 20 S.Ct. 924, 44 L.Ed. 1099; Bofinger v. Tuyes, 120 U.S. 198, 7 S.Ct. 529, 30 L.Ed. 649; Jackson v. Horton, 126 Ill. 566, 21 N.E. 490. But the language of the statute and its interpretation by various courts tend toward promulgation of the doctrine that in cases such as this, the liability created by Congress for nonpayment of overtime wages and for liquidated damages and attorneys' fees may not be compromised; that it is a single and entire cause of action which can not be discharged or satisfied by paying merely part of it. Thus, in Rigopoulos v. Kervan, 2 Cir., 140 F.2d 506, where the overtime compensation had been paid long after it was due, the court said: "Section 7 of the Act, 29 U.S.C.A. § 207, plainly contemplates that overtime compensation shall be paid in the course of employment and not accumulated beyond the regular pay day. See Seneca Coal & Coke Co. v. Lofton, 10 Cir., 136 F.2d 359, 363, certiorari denied October 18, 1943, 64 S.Ct. 77, 88 L.Ed. ——. Hence the failure to pay it, when due, was a violation of section 7, which rendered the employer 'liable,' as declared in section 16 (b), not only for the unpaid overtime compensation but also for liquidated damages in an additional equal amount. This is a single and entire liability. It is not discharged in toto by paying one-half of it. The liquidated damages provision has been held to be mandatory on the court regardless of the good faith of the employer or the reasonableness of his belief that no overtime compensation was owed. Overnight Motor Transp. Co. v. Missel, 316 U.S. 572, 582, 583, 62 S.Ct. 1216, 86 L.Ed. 1682; Seneca Coal & Coke Co. v. Lofton, supra. It is urged that such a construction of the statute produces too harsh a result; but the harshness is inherent in the legislation. We see no escape from the statutory language."

This reasoning is supported by the language of the Supreme Court in Overnight Motor Transp. Co. v. Missel, 316 U.S. 572, 581, 62 S.Ct. 1216, 1222, 86 L.Ed. 1682: "In the Circuit Court of Appeals it was held that the liquidated damages provision, section 16 (b) of the Act, 52 Stat. 1069, was mandatory on the courts, regardless of the good faith of the employer or the reasonableness of his attitude. Petitioner attacks this conclusion as a denial of due process because, if the damage provision is mandatory, the employer is 'without opportunity to test the issues before the courts,' citing Ex Parte Young, 209 U.S. 123, 28 S.Ct. 441, 52 L. Ed. 714, 13 L.R.A.,N.S., 932, 14 Ann.Cas. 764; Wadley Southern R. Co. v. Georgia, 235 U.S. 651, 35 S.Ct. 214, 59 L.Ed. 405, and other similar cases. Petitioner points out that, if there was a failure to pay the overtime, it resulted from an inability to determine whether the employee was covered by the Act. * * *

"Perplexing as petitioner's problems may have been, the difficulty does not warrant shifting the burden to the employee. The wages were specified for him by the statute, and he was no more at fault than the employer. The liquidated damages for failure to pay the minimum wages under sections 6 (a) and 7 (a) are compensation, not a penalty or punishment by the Government. * * * The retention of a workman's pay may well result in damages too obscure and difficult of proof for estimate other than by liquidated damages. * * * Nor can it be said that the exaction is violative of due process. It is not a threat of criminal proceedings or prohibitive fines, such as have been held beyond legislative power by the authorities cited by pe-

titioner. Even double damages treated as penalties have been upheld as within constitutional power."

In Seneca Coal & Coke Co. v. Lofton, 10 Cir., 136 F.2d 359, 363, certiorari denied 64 S.Ct. 77, the question was whether voluntary payment of overtime compensation "without legal compulsion and before suit was filed" excused payment of liquidated damages. The court held that failure to pay such compensation "when due in the regular course of employment * * * constituted a violation of Sections 6 and 7 of the Act"; that liquidated damages "granted by Section 16 (b) for violations of Sections 6 and 7 of the Act are mandatory, and not discretionary with the courts," which therefore "are not authorized to exercise judicial discretion based upon good faith violations" and, since "the employer violated the provisions of Sections 6 and 7 of the Fair Labor Standards Act, * * * it is therefore liable for liquidated damages." See also Fleming v. Warshawsky & Co., 7 Cir., 123 F.2d 622, 626, where this court said: "Defendants concede that an agreement, in advance of employment, to accept less than permitted by law would render nugatory the objectives of the Act. We think precisely the same result would follow if the employer, by agreement with its employees, be permitted to pay less than the Act prescribes."

■ If it were possible we would prefer to sustain the validity of the releases but, no matter how much we may lament the law's harshness, the section appears to be mandatory. Relief from severity must come from the Congress and not from the court. Missel v. Overnight Motor Transp. Co., 4 Cir., 126 F.2d 98.

■ After deciding Missel v. Overnight Motor Transp. Co., 4 Cir., 126 F.2d 98, affirmed 316 U.S. 572, 62 S.Ct. 1216, 86 L.Ed. 1682, the Circuit Court of Appeals for the Fourth Circuit, in Guess v. Montague, 4 Cir., 140 F.2d 500, held that a compromise of a claim arising under Section 16 (b) by payment of all overtime compensation prior to controversy is valid. However, this must be reconciled with the language of the same court in Missel v. Overnight Motor Transp. Co., supra, and the specific facts in Guess v. Montague examined and given significance in such reconciliation. The settlement sustained in the latter case was made voluntarily by the employer without legal compulsion before suit was filed or controversy arose. We think it may well be, giving effect to the language of both decisions, that the court intended to imply that where the employee is compelled to bring suit to recover what the law allows him to recover, he should be allowed the damages which the law provides for failure to pay when due, notwithstanding any release that he may have given. Here plaintiffs had been compelled to bring their demands to court and defendant had been compelled by force of the judgment in the Administrator's suit to recognize their validity. We do not believe from reading the two decisions of the same court that it was intended to hold, under facts such as are presented here, that the cause of action may be released by satisfaction of a part thereof. Rather than conclude that the cause of action consists of two claims, as indicated in Guess v. Montague, we prefer the thought expressed by the Second Circuit, in Rigopoulos v. Kervan, supra, that "this is a single and entire liability. It is not discharged in toto by paying one-half of it."

■ Nor do we feel justified in concluding otherwise as to plaintiffs who came into the suit after they had executed releases. At the time these instruments were executed, the overtime payments were long past due. It is the purpose of the statute, we think, to provide that, where such overtime payments are not made as they mature, are not then recognized as due, but are wrongfully allowed to accumulate and are paid thereafter, after suit by the Administrator, the employer, by his actions, automatically, brings himself within the statutory liability to pay not only the overtime compensation but also damages and attorneys' fees. The suit was instituted by the original plaintiffs in behalf of themselves and all others similarly situated. Plaintiffs who later intervened were at that time entitled to compensation for past due overtime wages. Their remedy had accrued and defendant's liability had matured. If we are right in our conclusion that the cause of action is one and indivisible, it follows that payment of compensation alone to persons endowed with additional rights was not sufficient to satisfy the entire liability.

The judgment is affirmed.