[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCT 17, 2008
THOMAS K. KAHN
CLERK

_____

No. 08-12008
Non-Argument Calendar

_____

D. C. Docket No. 07-20156-CV-TEB

ENRIQUE ARROYAVE,
and all others similarly
situated under 29 USC 216,

                                              Plaintiff-Appellant,

versus

LEWIS M. ROSSI,

                                              Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(October 17, 2008)**

Before TJOFLAT, CARNES and BARKETT, Circuit Judges.

PER CURIAM:

This is a Fair Labor Standards Act case involving claims by the employee,

Arroyave, of unpaid overtime and late payment of wages. A magistrate judge granted the employer, Rossi, summary judgment. Arroyave appeals, arguing that he raised a genuine issue of material fact that precluded summary judgment on his claim of uncompensated overtime. He argues that he stated in his affidavit that he worked a graveyard shift at a mall for Rossi between September 2006 and December 2006 for which he was not paid overtime.

The Fair Labor Standards Act ("FSLA") requires that employers compensate covered employees for hours worked in excess of forty hours per week at one and one half times the employees' regular pay rate. 29 U.S.C. § 207(a)(1). The employee bears the burden of proving that he worked overtime without compensation. However, "[t]he remedial nature of this statute and the great public policy which it embodies . . . militate against making that burden an impossible hurdle for the employee." Anderson v. Mt. Clemens Pottery Co., 328 U.S. 680, 687, 66 S.Ct. 1187, 90 L.Ed. 1515 (1946), superceded by statute on other grounds. It is the employer's duty to keep records of the employee's wages and hours, as "[e]mployees seldom keep such records themselves." Id.

In situations where the employer's records cannot be trusted and the employee lacks documentation, "an employee has carried out his burden if he proves that he has in fact performed work for which he was improperly

2

compensated and if he produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference." Id. The employer then bears the burden of bringing forth either evidence of the precise amount of work performed or evidence to negate the reasonableness of the inference to be drawn from the employee's evidence. Id. at 687-88, 66 S.Ct. 1187. "If the employer fails to produce such evidence, the court may then award damages to the employee, even though the result be only approximate." Id. at 688, 66 S.Ct. 1192.

Summary judgment was appropriate because Arroyave failed to produce evidence that would support his claim of uncompensated overtime work. Rossi produced Arroyave's time records and wage payments for the time period at issue as well as an affidavit that stated that Arroyave was compensated for all his overtime wages. Arroyave did not challenge the validity of these records or produce any evidence that these records were deficient. Also, his affidavit lacked the required specificity to raise a genuine issue of fact. Since the employment records established adequate compensation during the period in question, and Arroyave failed to produce specific evidence that would refute the accuracy of those records, there is no evidence from which a jury could find that Arroyave was not compensated for overtime work.

Arroyave argues that it is undisputed that Rossi took at least ten days after

the end of the pay period to pay him during the relevant period. He contends that Olson v. Superior Pontiac-GMC, Inc., 765 F. 2d 1570, 1579 (11th Cir. 1985), holds that an employee be paid at least minimum wage on payday, and liquidated damages are imposed if wages are not paid on time. Arroyave claims that since his wages were always paid at least ten days after the end of the pay period, they were not prompt and timely, and therefore Rossi was subject to liquidated damages.

The FLSA provides that "[e]very employer shall pay to each of his employees . . . who in any work week is engaged in commerce or in the production of goods for commerce . . . not less than the minimum wage rate. . . ." 29 U.S.C. § 206(b). While the FLSA does not specify when payment of wages must be made, the former Fifth Circuit held that liquidated damages are available under the act to an employee if the employer failed to pay wages or overtime on the regular payment date. Atlantic Co. v. Broughton, 146 F.2d 480, 482 (5th Cir. 1945).[1] Other Circuits have reached similar holdings. See U.S. v. Klinghoffer Bros. Realty Corp., 285 F.2d 487, 491 (2nd Cir. 1960)(FLSA requires "prompt" payment of wages); Martin v. Selker Bros., Inc., 949 F.2d 1286, 1299 (3rd Cir. 1991) (liquidated damages available to employees who are not paid when wages are due);

---

[1] We adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981. See Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir.1981).

4

Birbalis v. Cuneo Printing Industries, 140 F.2d 826, 828 (7th Cir. 1944)(liquidated damages available for overtime wages not paid at payday); Biggs v. Wilson, 1 F.3d 1537, 1542-43 (9th Cir. 1993)(wages are late if not paid on payday); and Seneca Coal & Coke Co. v. Lofton, 136 F.2d 359, 363 (10th Cir. 1943)(liquidated damages apply where overtime not paid as due in regular course of employment).

Arroyave cites our decision in Olson, which involved deferred commissions for a car salesman. Olson, 765 F.2d at 1572. In this case, a portion of commissions earned by the salesmen were paid on a weekly basis and a portion were deferred and paid on a monthly basis. Id. The practical effect of this plan was that wage payments for some months would be in excess of the minimum wage while in other months wage payments would fall below the minimum wage. Id. The question presented to the court was whether the excessive payments could be "carried forward" to apply to those months where wages were below the minimum wage. Id. at 1578. We found that commissions may be carried forward so long as an employee was actually paid at least the minimum wage for each pay period. Id. at 1578-79.

Arroyave failed to produce evidence that would establish that his wages were paid unreasonably late during the relevant period. There is no dispute that Arroyave was regularly paid his wages ten days after the end of the pay period.

Arroyave cites no cases that have held that a ten-day delay between the end of the pay period and payday is unreasonable, and has provided no evidence from which to conclude that ten days was an unreasonable delay in this case. Arroyave argues that courts, including this court in <u>Olsen</u>, have held that wages must be paid at the end of the pay period. Neither <u>Olsen</u> nor the other cases cited by Arroyave require that wages be paid at the end of the pay period, and Arroyave's conflation of the end of the pay period with the payday is not supported by the case law. The magistrate judge committed no error in resolving this ten-day issue.

    AFFIRMED.