# United States Court of Appeals
# for the Federal Circuit

---

**DONALD MARTIN, JR., PATRICIA A. MANBECK, JEFF ROBERTS, JOSE ROJAS, RANDALL SUMNER,**
*Plaintiffs-Appellees*

**v.**

**UNITED STATES,**
*Defendant-Appellant*

---

2021-2255

---

Appeal from the United States Court of Federal Claims in No. 1:13-cv-00834-PEC, Judge Patricia E. Campbell-Smith.

-------------------------------------------------

**FRANK MARRS, NICOLE ADAMSON, BETHANY AFRAID, JOEL ALBRECHT, JESUS AREVALO, NATHAN ARNOLD, SHAWN ASHWORTH, JEREMIAH AUSTIN, MICHAEL AVENALI, JOSE BALAREZO, EBONY BALDWIN, CHARLES BAMBERY, DAVID BARRAZA, GREGORY BARRETT, DONNA BARRINGER, DAVID BAUTISTA, GARY BAYES, DARRELL BECTON, FRAUN BELLAMY, DARNELL BEMBO, JESSICA BENDER, MICHAEL BENJAMIN, JR., BRYAN BENTLEY, WILLIAM BERTRAND, CHRISTOPHER BIJOU, ALL PLAINTIFFS,**

*Plaintiffs-Appellants*

**v.**

**UNITED STATES,**
*Defendant -Appellee*

———————————

2018-1354

———————————

Appeal from the United States Court of Federal Claims in No. 1:16-cv-01297-PEC, Judge Patricia E. Campbell-Smith.

———————————

Decided:  November 30, 2022

———————————

HEIDI R. BURAKIEWICZ, Kalijarvi, Chuzi, Newman & Fitch, PC, Washington, DC, argued for all plaintffs-appellants, plaintiffs-appellees. Patricia A. Manbeck, Donald Martin, Jr., Jeff Roberts, Jose Rojas, Randall Sumner also represented by DONALD ROBERT DEPRIEST; MICHAEL LIEDER, Mehri & Skalet, PLLC, Washington, DC.

MARK B. STERN, Appellate Staff, Civil Division, United States Department of Justice, Washington, DC, argued for defendant-appellant, defendant-appellee.   Also represented by BRIAN M. BOYNTON, SEAN JANDA, MICHAEL SHIH.

———————————

Before REYNA, LINN, and HUGHES, *Circuit Judges*.

Opinion for the court filed by *Circuit Judge* HUGHES.

Dissenting opinion filed by *Circuit Judge* REYNA.

HUGHES, *Circuit Judge*.

The *Martin* appeal asks whether the government violates the Fair Labor Standards Act by not paying federal employees who work during a government shutdown until after the lapse in appropriations has been resolved. The Court of Federal Claims determined that it does, even though the Anti-Deficiency Act legally bars the government from making payments during the shutdown. Because we hold today in *Avalos v. United States*, No. 21-2008 (Fed. Cir. Nov. 30, 2022) that the government does not violate the FLSA's timely payment obligation as a matter of law under these circumstances, we reverse.

The *Marrs* appeal involves an additional issue about whether the government willfully violated the FLSA, thereby extending the FLSA's statute-of-limitations period to three years. Because we conclude that the government did not violate the FLSA, we need not reach the trial court's statute-of-limitations determination in *Marrs*.

I

The facts and procedural history of this appeal largely mirror those laid out in our opinion issued today in *Avalos*. In *Avalos*, federal employees who worked during the 2018–2019 partial government shutdown alleged that the government violated the Fair Labor Standards Act (FLSA) by delaying payments until after the lapse in appropriations ended. This appeal concerns a similar shutdown that occurred from October 1, 2013 to October 16, 2013.

In its summary-judgment ruling in *Martin*, the Court of Federal Claims determined that Plaintiffs-Appellees had stated a claim for an FLSA violation by alleging that the government had not compensated government employees during the shutdown. *Martin v. United States*, 130 Fed. Cl. 578, 583 (2017). Even though the Anti-Deficiency Act prohibited the government from paying these employees during the shutdown, the Court of Federal Claims reasoned that "the appropriate way to reconcile the two statutes is not to cancel [the government's] obligation to pay its

employees in accordance with the manner in which the FLSA is commonly applied. Rather, the court would require that [the government] demonstrate[s] a good faith belief, based on reasonable grounds, that its actions were appropriate." *Id.* at 584. If the government were to demonstrate a good faith belief based on reasonable grounds, the trial court could exercise its discretion under 29 U.S.C. § 260 to award no liquidated damages. *Id.* But after hearing argument on this issue, the Court of Federal Claims determined that the government had not demonstrated a good faith belief based on reasonable grounds and concluded that the *Martin* "plaintiffs are entitled to liquidated damages in an amount equal to the minimum and overtime wages that defendant failed to timely pay." *Id.* at 587–88 (citing 29 U.S.C. § 216(b)).

Because the court's liability determination in *Martin* applied to *Marrs*, the parties in *Marrs* stipulated that the only remaining issue to resolve was "whether the FLSA's two or three year statute of limitations applies to [the *Marrs*] plaintiffs." *Marrs v. United States*, No. 16-1297C (Fed. Cl. Mar. 17, 2017), ECF No. 13, at 1. The court ruled that the FLSA's two-year statute of limitations applied because the plaintiffs could not meet their burden to show willfulness and extend the statute of limitations period to three years. *Marrs v. United States*, 135 Fed. Cl. 155, 162 (2017). Because the *Marrs* plaintiffs filed suit more than two years after their claims accrued, the court concluded that the *Marrs* plaintiffs' claims are barred by the statute of limitations and thus dismissed the case for lack of subject matter jurisdiction. *Id.*

The government appeals the court's decision in *Martin*, and the *Marrs* plaintiffs appeal the court's decision in *Marrs*. We have jurisdiction under 28 U.S.C. § 1295(a)(3).

## II

We review the Court of Federal Claims' legal conclusions de novo and its factual findings for clear error. *Adams v. United States*, 350 F.3d 1216, 1221 (Fed. Cir. 2003).

## III

The government appeals the Court of Federal Claims' decision in *Martin v. United States*, 130 Fed. Cl. 578 (2017), finding the government liable for liquidated damages under the FLSA. Our opinion today in *Avalos v. United States*, No. 21-2008 (Fed. Cir. Nov. 30, 2022), resolves the same question raised in the *Martin* appeal: how the Anti-Deficiency Act's prohibition on government spending during a partial shutdown coexists with the FLSA's seemingly contradictory timely payment obligation. We hold in *Avalos* that "the FLSA's timely payment obligation considers the circumstances of payment and that, as a matter of law, the government does not violate this obligation when it complies with the Anti-Deficiency Act by withholding payment during a lapse in appropriations." *Avalos*, No. 21-2008, slip op. 15.

This holding applies equally to the *Martin* appeal, which involves substantially identical circumstances to *Avalos*. Indeed, the trial court relied on its decision in *Martin* to form the basis for its decision in *Avalos*. *See id.* at 11 ("The trial court relied on its decision in *Martin v. United States*, 130 Fed. Cl. 578 (2017), in which it determined that 'the appropriate way to reconcile [the Anti-Deficiency Act and the FLSA] is not to cancel the defendant's obligation to pay its employees' under the FLSA, but to 'require that [the] defendant demonstrate a good faith belief, based on reasonable grounds, that its actions were appropriate' per 29 U.S.C. § 260."). For the same reasons in *Avalos*, we conclude that the government did not violate the FLSA's timely payment obligation as a matter of law.

Because the trial court's finding of a potential FLSA violation in *Marrs* depended on its decision in *Martin*, we need not reach the trial court's subsequent willfulness determination in *Marrs*.

## IV

We accordingly reverse the trial court's decision in *Martin* that held the government liable for liquidated damages. We also vacate the Court of Federal Claims' decision in *Marrs* to the extent that it relied on *Martin*. We remand both cases to the Court of Federal Claims to enter judgment consistent with this opinion.

**REVERSED-IN-PART, VACATED-IN-PART, AND REMANDED**

COSTS

No costs.

# United States Court of Appeals
# for the Federal Circuit

---

**DONALD MARTIN, JR., PATRICIA A. MANBECK, JEFF ROBERTS, JOSE ROJAS, RANDALL SUMNER,**
*Plaintiffs-Appellees*

**v.**

**UNITED STATES,**
*Defendant-Appellant*

---

2021-2255

---

Appeal from the United States Court of Federal Claims in No. 1:13-cv-00834-PEC, Judge Patricia E. Campbell-Smith.

-------------------------------------------------

**FRANK MARRS, NICOLE ADAMSON, BETHANY AFRAID, JOEL ALBRECHT, JESUS AREVALO, NATHAN ARNOLD, SHAWN ASHWORTH, JEREMIAH AUSTIN, MICHAEL AVENALI, JOSE BALAREZO, EBONY BALDWIN, CHARLES BAMBERY, DAVID BARRAZA, GREGORY BARRETT, DONNA BARRINGER, DAVID BAUTISTA, GARY BAYES, DARRELL BECTON, FRAUN BELLAMY, DARNELL BEMBO, JESSICA BENDER, MICHAEL BENJAMIN, JR., BRYAN BENTLEY, WILLIAM BERTRAND, CHRISTOPHER BIJOU, ALL PLAINTIFFS,**

*Plaintiffs-Appellants*

**v.**

**UNITED STATES,**
*Defendant -Appellee*

———————————

2018-1354

———————————

Appeal from the United States Court of Federal Claims in No. 1:16-cv-01297-PEC, Judge Patricia E. Campbell-Smith.

———————————

REYNA, *Circuit Judge*, dissenting.

The majority decides this appeal on the basis of its interpretation of the Fair Labor Standards Act ("FLSA") and the Anti-Deficiency Act ("ADA").[1] The majority reaches a conclusion in this appeal that is contrary to the plain meaning of the statutory texts, and that is unsupported and inconsistent with the congressional purpose of the statutes. This is the same conclusion it reached in the companion case *Avalos.* In *Avalos*,[2] I lay out in greater detail the reasons for why I would uphold the judgment of the Court of Federal Claims and find that the Plaintiffs-Appellees sufficiently plead an allegation that the government violated the FLSA when it failed to timely pay excepted federal workers their earned wages during the relevant government shutdown. For purposes of economy, I adopt and

———————————

[1]   *Martin v. United States*, 130 Fed. Cl. 578 (2017); *Marrs v. United States*, 135 Fed. Cl. 155 (2017).

[2]   *Avalos v. U.S.*, Nos. 2021-2008 through 2021-2012 and 2021-2014 through 2021-2020.

submit in this appeal my full dissent in *Avalos*, as set out below:

This appeal involves two statutes. The Fair Labor Standards Act ("FLSA") requires employers, including the U.S. government, to pay workers earned wages on a regularly scheduled pay period basis. Employers that fail to pay their workers on a timely scheduled basis are subject to certain penalties, including liquidated damages. The other statute, the Anti-Deficiency Act ("ADA"), applies to government officials. It prohibits government officials from making expenditures, where the expenditure is not funded by duly passed appropriations. In other words, the government lacks authority to spend money it does not have.

The majority interprets the relevant provisions of the ADA and FLSA to mean that the ADA renders null the liquated damages provision of the FLSA. I disagree. I believe that each statute stands alone and that the relevant provisions of the two statutes are not inconsistent with each other.

From December 22, 2018, to January 25, 2019, the federal government partially shutdown due to lack of appropriations (funding). *Avalos v. United States*, 151 Fed. Cl. 380, 382 (2020); J.A. 274. To keep key parts of the government functioning, the government created two categories of federal employee: "excepted" and "non-excepted." Non-excepted employees were instructed to not show-up for work and received no compensation for the period of time they did not report for work. This appeal does not involve non-excepted employees.

The "excepted" employees were required to report for work during the shutdown, to continue working and to perform normal duties. Despite working and earning wages during the shutdown, the excepted employees were not paid for their work until the first payday after the shutdown ended. *Avalos*, 151 Fed. Cl. at 382–83. This means

that excepted employees received no pay on their regularly scheduled paydays during the shutdown.

At the time of the shutdown, Plaintiffs-Appellees were employed as Customs and Border Protection Officers for the U.S. Department of Homeland Security. These officers ("CBP Officers") were designated as excepted employees and were required to report for work. *Id.* at 382. They received no pay during the shutdown but were paid on the first regularly scheduled payday that came after January 25, 2019, the day the shutdown ended. *Id.*; J.A. 280–83.

On January 29, 2019, the CBP Officers filed their amended complaint in the United States Court of Federal Claims ("Court of Claims") seeking liquidated damages for the time they worked without pay during the shutdown. J.A. 288. The CBP Officers alleged that, under the FLSA, the government was liable for liquidated damages because during the shutdown it failed to pay wages on their regularly scheduled payday(s).

The government moved to dismiss the suit for failure to state a claim. The government did not dispute that the CBP Officers were not timely paid during the shutdown. The government asserted that the government shutdown was caused by a lack of general appropriation and, therefore, it was prohibited from paying the CBP Officers. According to the government, it cannot, as a matter of law, be held liable for liquidated damages that are based on wages not paid during the shutdown because the ADA prohibited it from paying the wages for which there was no funding during a shutdown. The Court of Claims denied the government's motion based largely on its decision in *Martin,* which involved issues identical to the issues in this case. *Avalos*, 151 Fed. Cl. at 387–91 (discussing *Martin v. United States*, 130 Fed. Cl. 578 (2017)). The government appeals the judgment of the Court of Claims.

According to the majority, the "central question in this appeal is how the Anti-Deficiency Act's prohibition on

government spending during a partial shutdown coexists with the FLSA's seemingly contradictory timely payment obligation." Maj. Op. 14. The majority reverses and remands to the Court of Claims, holding that the government cannot, as a matter of law, be held liable for liquidated damages under the FLSA where the failure to pay employee wages was due to a government shutdown. I disagree with my colleagues on several fronts.

First, the majority errs that as a matter of law, there is no FLSA violation in this case. The law is well-settled on the question of whether federal employees are entitled to liquidated damages under the FLSA when they are not paid on their regular payday. The FLSA makes clear that failure to pay wages on regularly scheduled paydays constitutes a FLSA violation.

The majority is also incorrect that liquidated damages cannot attach because the government was prohibited by the ADA, and presumably not of its own choosing, from paying the CBP Officers.

My sense is that the FLSA and ADA are distinct statutes with distinct purposes whose operations in this case neither intersect nor are otherwise inconsistent. Stated differently, the ADA in this instance does not trump the FLSA and render its liquidated damages provision null.

The FLSA provides in relevant part:

> Every employer shall pay to each of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, wages at the following rates . . . not less than $7.25 an hour.

29 U.S.C. § 206(a)(1)(C). The FLSA is administered to federal employees by the Office of Personnel Management ("OPM"). OPM has promulgated a regulation providing that employees must be paid "wages at rates not less than

the minimum wage . . . for all hours of work." 5 CFR § 551.301(a)(1). The FLSA provides that employers who violate these provisions "shall be liable to the employee . . . affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation . . . and in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b).

Again, the undisputed facts are that the government required the CBP Officers to report to work during the shutdown; and that the CBP Officers were not paid wages on their regularly scheduled paydays. These circumstances clearly apply to § 216(b) of the FLSA, and on this basis, I would find that the government's failure to pay the CBP Officers during the shutdown was a violation of the FLSA.

The majority appears to agree with the foregoing conclusion, but my colleagues take steps to avoid saying so. Namely, they engage in an unorthodox statutory interpretation that first examines whether the statutes are contradictory and whether the statutes can coexist. *BedRoc Ltd., LLC v. United States*, 541 U.S. 176, 183 (2004) (The statutory interpretation "inquiry begins with the statutory text, and ends there as well if the text is unambiguous."); *see also Me. Cmty. Health Options v. United States*, 140 S. Ct. 1308, 1321–22 (2020) (explaining that the ADA did not "qualify" the government's obligation to pay an amount created by the "plain terms" of a statute). In so doing, the majority concludes that the government is shielded from liquidated damages if the failure to pay is due to a shutdown. In other words, the statutes can be said to coexist because the FLSA is rendered nugatory.

There is no principled basis for the majority view. Indeed, the opposite is true. The FLSA is remedial in nature, and it acts as a shield to protect workers. Not so with the ADA. The ADA is meant to punish government officials for certain actions. The ADA neither references the FLSA nor

the liquidated damages provision of § 216(b).  Nothing in the statues, or applicable caselaw, supports an argument that the ADA applies to federal workers.

The Supreme Court has recognized that the FLSA was enacted "to protect certain groups of the population from substandard wages and excessive hours which endangered the national health and well-being and the free flow of goods in interstate commerce."  *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706 (1945) (citing H. Rep. No. 2738, 75th Cong., 3d Sess., pp. 1, 13, 21, and 28).  The FLSA recognizes that employees do not have equal bargaining power and serves to protect them.  *Id.*

Similarly, the Supreme Court has explained that the FLSA liquidated damages provision is not meant as punishment for the employer, but rather, focuses on compensating the employee.  *Id.* at 707 ("[T]he liquidated damages provision is not penal in its nature but constitutes compensation for the retention of a workman's pay which might result in damages too obscure and difficult of proof for estimate other than by liquidated damages.").

According to the Supreme Court, the ADA's requirements "apply to the official, but they do not affect the rights in this court of the citizen honestly contracting with the Government."  *Salazar v. Ramah Navajo Chapter*, 567 U.S. 182, 197 (2012) (citation omitted).

Here, the CBP Officers were honestly "contracting" with the government.  There is no legal support for the belief that government workers forfeit their FLSA protection at a time of shutdowns.  As the Supreme Court has noted, the insufficiency of an appropriation "does not pay the Government's debts, nor cancel its obligations."  *Me. Cmty.*, 140 S. Ct. at 1321–22 (quoting *Ramah*, 567 U.S. at 197).  This court has recognized, "the Supreme Court has rejected the notion that the Anti-Deficiency Act's requirements somehow defeat the obligations of the government."  *Moda Health Plan, Inc. v. United States*, 892 F.3d 1311, 1322

(Fed. Cir. 2018) *rev'd on other grounds*, *Me. Cmty.*, 140 S. Ct. 1308.

The majority fails to point to legal authority for the proposition that the ADA cancels the government's obligation to protect the very federal employees that the FLSA was intended by Congress to protect. I see no congressional requirement or Supreme Court precedent that negates liquidated damages under the FLSA or the ADA. Rather, the liquated damages provision of the FLSA "constitutes a Congressional recognition that failure to pay the statutory minimum *on time* may be so detrimental to maintenance of the minimum standard of living 'necessary for health, efficiency, and general well-being of workers' and to the free flow of commerce, that double payment must be made in the event of delay." *Brooklyn Sav.*, 324 U.S. at 707 (emphasis added) (citation omitted). And as this court has explained, the "usual rule" is "that a claim for unpaid overtime under the FLSA accrues at the end of each pay period when it is not paid." *Cook v. United States*, 855 F.2d 848, 851 (Fed. Cir. 1988).

Other regional circuits have concluded that a FLSA claim accrues when an employer fails to pay employees on their regular payday, and that the FLSA violation occurs on that date. *See Atl. Co. v. Broughton*, 146 F.2d 480, 482 (5th Cir. 1944) ("[I]f an employer on any regular payment date fails to pay the full amount . . . due an employee, there immediately arises an obligation upon the employer to pay the employee . . . liquidated damages."); *Birbalas v. Cuneo Printing Indus.*, 140 F.2d 826, 828 (7th Cir. 1944) ("[O]vertime compensation shall be paid in the course of employment and not accumulated beyond the regular pay day . . . . [T]he failure to pay it, when due, [is] a violation of [the FLSA]."); *Biggs v. Wilson*, 1 F.3d 1537, 1540 (9th Cir. 1993) ("The only logical point that wages become 'unpaid' is when they are not paid at the time work has been done, the minimum wage is due, and wages are ordinarily paid—on payday."); *Olsen v. Superior Pontiac-GMC, Inc.*, 765 F.2d 1570,

1579 (11th Cir. 1985), *modified*, 776 F.2d 265 (11th Cir. 1985) ("The employee must *actually receive* the minimum wage each pay period.").

The majority asserts a number of other conclusions: that the ADA trumps the FLSA because it was passed first and is more specific than the FLSA; that requiring liquidated damages in this situation would lead to an "absurd result"; and that the government would be forced to "choose between a violation of the Anti-Deficiency Act or the FLSA." Maj. Op. 18–19. But we need not reach these questions because there is no justiciable conflict between the two laws. *See, e.g.*, *Epic Sys. Corp. v. Lewis*, 138 S. Ct. 1612, 1624 (2018) ("Respect for Congress as drafter counsels against too easily finding irreconcilable conflicts in its work . . . . Allowing judges to pick and choose between statutes risks transforming them from expounders of what the law *is* into policymakers choosing what the law *should be*."). I do agree with the majority that "where two statutes are capable of co-existence, it is the duty of the courts, absent a clearly expressed congressional intention to the contrary, to regard each as effective." Maj. Op. 19 (quoting *Ruckelshaus v. Monsanto Co.*, 467 U.S. 986, 1018 (1984)).

Payday is important to the everyday worker. Missing a paycheck can have devasting consequences. That is what this case is about. Congress sought a remedy for such consequences by extending the potential for liquidated damages. Here, the employer should not be absolved of adherence to the FLSA, more so where the employer is the government that brought on the shutdown.

The Court of Claims correctly analyzed the statute and binding Supreme Court precedent. I would affirm the Court of Claims' decision and allow the case to continue.