47 So.2d 212

**KELLEY et al. v. KELLEY et al.**

**2 Div. 273.**

Supreme Court of Alabama.

June 22, 1950.

D. M. Boswell, of Butler, for appellants.

J. Massey Edgar, of Butler, for appellees.

LIVINGSTON, Justice.

About the year 1923, A. J. Kelley, Sr., died seized and possessed of a certain described 3.37 acres of land located in Choctaw County, Alabama. He left surviving a widow, Susan Kelley, and eleven children. Susan Kelley occupied the lands as a homestead until her death, which occurred about the year 1932. For aught appearing from the record, the eleven children of A. J. Kelley, Sr., and Susan Kelley were living at the time their mother died.

The appeal in this case is from a decree of the Circuit Court in Equity, of Choctaw County. That decree recites:

"This bill is filed by Delia Kelley, the widow of Lloyd M. Kelley, deceased, and the children of the said Lloyd M. Kelley and names all of the heirs of A. J. Kelley, Sr., deceased, as respondents.

"There was a petition filed in the Probate Court of Choctaw County, Alabama by D. R. Kelley, B. F. Kelley, Bessie

Wright and G. C. Kelley for the sale of approximately 3.37 acres of land in Choctaw County, Alabama, for division of the proceeds among the joint owners thereof, the joint owners being the heirs of A. J. Kelley, Sr., deceased.

"Before a final decree was entered in the Probate Court, Delia Kelley, the widow of Lloyd M. Kelley, deceased filed a sworn petition for the removal of the cause from the Probate Court to the Circuit Court and it was granted on November 8, 1948.

"On December 31, 1948, this original bill was filed in the Circuit Court by Delia Kelley, the widow, and Ester Wright, Lora Mae Boyette, L. C. Tindle, Chester Kelley, Rosier Kelley, and Lindsey Kelley, children of Lloyd M. Kelley, deceased. This bill alleges that A. J. Kelley, Sr., owned this land when he died about 1923 and his widow, Susan Kelley died about 1932; that A. J. Kelley, Sr., and Susan Kelley had eleven children; that about 1933–1934 Lloyd M. Kelley proceeded to purchase the interest of his brothers and sisters in the land owned by their father; that Lloyd M. Kelley did purchase and pay to D. R. Kelley, B. F. Kelley, G. C. Kelley, Bessie Wright, A. J. Kelley, Jr., W. M. Kelley, and Mary F. Boykin $10.00 each for their interest in the land; that about 1935 Lloyd M. Kelley took possession of the land and in 1936 began to assess it; that since the death of Lloyd M. Kelley his heirs have been in possession of the same; that D. R. Kelley, B. F. Kelley, Bessie Wright and G. C. Kelley who petitioned the Probate Court for the sale of the land, had sold their interest to Lloyd M. Kelley and therefore had no interest in it.

"This bill sets forth the names, ages and addresses of all the heirs of A. J. Kelley, Sr.

"D. R. Kelley, B. F. Kelley, Bessie Wright and G. C. Kelley filed an answer on January 6, 1949 and admitted the allegations of the bill as to the names, ages and addresses of the heirs of A. J. Kelley, Sr., denied the sale of their interest to Lloyd M. Kelley and denied that they had ever executed any deed to him; alleged that the property is owned jointly by all of the heirs of A. J. Kelley, Sr.; and denied any of the heirs had had adverse possession of the property.

"The respondents prayed that the land be sold according to the petition filed in the Probate Court and that the proceeds be divided among the joint owners, after the cost of court has been paid and the fees of their solicitor be paid.

"The evidence shows without conflict that A. J. Kelley, Sr. owned this land at the time of his death about 1923 and that his widow claimed her homestead right in it until her death about 1932. There is no conflict about the names, ages and addresses of the heirs of A. J. Kelley, Sr."

By what authority the petition for the sale of lands filed in the probate court was removed to the circuit court, in equity, does not appear. No question is raised as to the regularity of the proceeding in the circuit court or as to the pleadings.

As we review the record, the sole question presented for review here is whether D. R. Kelley, B. F. Kelley, Bessie Wright and G. C. Kelley conveyed their interest in the estate of their father, A. J. Kelley Sr., deceased, to Lloyd M. Kelley during Lloyd M. Kelley's lifetime. The tenor of appellants' argument and the assignments of error are based on that premise. We confine the opinion to that question alone.

■ The evidence was taken ore tenus before the trial court and the usual presumptions as to the correctness of the finding of facts prevails. 2 Ala. Dig., Appeal & Error, ☞1008.

■ On the question involved, the evidence was in conflict. We have examined it and are clear to the conclusion that we would not be justified in overturning the findings of the trial court in that regard.

Affirmed.

FOSTER, SIMPSON and STAKELY, JJ., concur.