66 So.2d 146

## SHILAND et al. v. RETAIL CLERKS, LOCAL 1657 et al.

### 6 Div. 274.

Supreme Court of Alabama.

March 26, 1953.

Rehearing Denied June 30, 1953.

Dan P. Barber and Harold M. Cook, Birmingham, for appellants.

John L. Busby and Earl McBee, Birmingham, for appellees.

STAKELY, Justice.

This is an appeal authorized by § 757, Title 7, Code of 1940, from an order dissolving a temporary injunction which had been previously issued.

The temporary injunction sought to enjoin and restrain the respondents, Retail Clerks, Local 1657, its members, agents, officers and others specially named (appellees), separately and severally, from picketing the premises known as the Northeast Corner of 2nd Avenue and 24th Street, North, Birmingham, Alabama, occupied by the complainants A. Shiland and Meyer Shiland (appellants), doing business as Star Super Market, and from threatening to picket the complainants' business known as Star Super Market, intimidating by word of mouth or other means the employees of the complainants or threatening bodily harm or injury to the complainants or their employees.

The case was tried orally before the court. The evidence which covers about 900 pages of the record is obviously so voluminous that it is impracticable to set it out. However the propositions advanced in brief by the appellants are based, with one exception, to which we shall later refer, on the unlawful manner in which the picketing was conducted. We think it well to state in substance the principles upon which the appellants base their contentions as follows.

Striking employees or members of a labor union may not, under the guise of self-protection, use threats, intimidation or violence against or on employers, or on their employees or strangers to induce them to leave or not to enter the service of the employers. Hardie-Tynes Mfg. Co. v. Cruse, 189 Ala. 66, 66 So. 657; Hotel & Restaurant Employees v. Greenwood, 249 Ala. 265, 30 So.2d 696; Milk Wagon Drivers Union v. Meadowmoor Dairies, 312 U.S. 287, 61 S.Ct. 552, 85 L.Ed. 836, 132 A.L.R. 1200.

Where striking employees or members of a labor union combine or conspire maliciously to injure an employer in the operation of his business or where there are suggestions of attempted monopoly, un-

lawful coercion or intimidation, fraud or threatened violence, judicial restraint by injunction is permissible. Hotel & Restaurant Employees v. Greenwood, supra; Milk Wagon Drivers Union v. Meadowmoor Dairies, supra.

Even though the object of a strike be lawful, judicial restraint is permissible where the strike is attended with real or threatened violence, force or coercion or conduct otherwise unlawful or oppressive, such as mass picketing or even peaceful picketing where enmeshed with contemporaneously violent conduct. Authorities supra.

The use by striking employees and their associates of false statements upon picket signs or upon printed dodgers or other disseminated statements in aid of alleged strike against an employer to the injury, actual or threatened, of his business constitutes a fraudulent and unlawful practice which may be restrained by injunctive process. Hotel & Restaurant Employees v. Greenwood, supra; Senn v. Tile Layers Protective Union, 301 U.S. 468, 57 S.Ct. 857, 81 L.Ed. 1229.

It is unlawful for members of a labor union and their associates engaged in picketing an employer's place of business to threaten or impose a secondary boycott upon the customers or business concerns doing business with such employer, by bringing to bear a duress upon such customers and such business concerns or their business in trading with such person. Ellis v. Journeyman Barbers' International Union, 194 Iowa 1179, 191 N.W. 111, 32 A.L.R. 756; Duplex Printing Press Co. v. Deering, 254 U.S. 443, 41 S.Ct. 172, 65 L.Ed. 349, 16 A.L.R. 196.

The right to conduct one's business without the wrongful interference of others is a valuable property right which will be protected, if necessary, by injunctive process, and the enjoyment of a good name and good will of a business is likewise a valuable property right subject to like protection. Carter v. Knapp Motor Co., 243 Ala. 600, 11 So.2d 383, 144 A.L.R. 1177.

In addition to the foregoing, the proposition is advanced that a strike implemented by picketing has an unlawful object where it seeks to impel an employer to recognize a labor union as the representative of his employees, where said labor organization has not complied with the requirements of Section 382, Title 26, Code of 1940, Pocket Part, requiring every such organization, before beginning to function in Alabama to file a copy of its constitution and its by-laws and a copy of the constitution and by-laws of the national or international union, if any, to which such labor organization belongs with the Alabama Department of Labor. See Alabama State Federation of Labor v. McAdory, 246 Ala. 1, 18 So.2d 810.

In connection with the foregoing statement of principles, it is well also to keep in mind that employees may strike and may picket their employer's business when it is done in a lawful manner and to accomplish a lawful purpose. Hotel & Restaurant Employees v. Greenwood, supra; Alabama State Federation of Labor v. McAdory, supra; Thornhill v. Alabama, 310 U.S. 88, 60 S.Ct. 736, 84 L.Ed. 1093.

We shall first consider the last contention stated above.

It is insisted by the appellants that the strike and picketing were illegal because the union had not filed a copy of its by-laws and constitution as provided by Section 7 of the Bradford Act. § 382, Title 26, Code of 1940, Pocket Part. Under the statute the failure of the union to file a copy of its constitution and its by-laws is only punishable by fine, as appears in Section 18 of the Bradford Act. § 393, Title 26, Code of 1940, Pocket Part. However it is sufficient to say that the bill of complaint on which the injunction was sought makes the association a party as a voluntary unincorporated labor organization and nowhere in the bill is there any allegation that the local association has not been duly organized or is not entitled to function because of violation of the statute or that the injunction sought is sought by reason of the failure of the association to file copy of its constitution and its by-laws in accordance with the provisions of the Bradford Act. It is, of course, a recognized principle that proof without allegation cannot be considered. Salmon, Adm'r

282

v. Wynn, Adm'r, 153 Ala. 538, 45 So. 133, 15 Ann.Cas. 478.

■ As to the conduct of the picketing, the evidence is in conflict and we cannot undertake to set out its various details. It is enough to say that the evidence has been carefully considered and that there is ample evidence to support the findings of the trial court. There is testimony, for example, tending to show that there was no violence in connection with the picketing; that police who were summoned to the scene of the picketing made no arrests, and that the pickets did not block the entrance to the doors of the establishment and that there was no mass picketing. There is evidence tending to show that there was not any violence or threats of any sort to any truck drivers or other persons servicing the store and that there was no effort to keep third parties from making delivery of supplies to the store. Tendencies of the evidence show that nothing was said to the customers by the picketers except, "We are on strike. We are on strike." Tendencies of the evidence show that the pickets did not attempt to keep any of the customers out of the store nor did any of the pickets attempt to stop any taxi cab driver bringing customers to or taking them from the store.

■ It may be that in some instances some former employee of the store or some who had never been employed by the store were on the picket line. But it has been held that the constitutional right to picket cannot be destroyed by injunction because other than employees assist in doing the picketing. American Federation of Labor v. Swing, 312 U.S. 321, 61 S.Ct. 568, 85 L.Ed. 855; Bakery and Pastry Drivers and Helpers v. Wohl, 315 U.S. 769, 62 S.Ct. 816, 86 L.Ed. 1178.

■ The Supreme Court of the United States has held that, when the picketing is peaceful, carrying banners giving the impression that the employer is unfair to organized labor and using loose language such as telling customers that the cafeteria served bad food, is not such unlawful conduct as to deprive the employees of the

constitutional right to picket. Cafeteria Employees Union v. Angelos, 320 U.S. 293, 64 S.Ct. 126, 88 L.Ed. 58. In the case here referred to the Supreme Court of the United States also held that the constitutional right to picket cannot be destroyed by injunction on account of isolated and episodic instances of abuse falling far short of violence.

■ On the evidence we cannot say that the finding of the trial court is palpably wrong and under the well established rule, we are not willing to say that the decree of the lower court should be disturbed. Kelley v. Kelley, 254 Ala. 8, 47 So.2d 212.

Upon a careful consideration of the matter, we think that the decree of the lower court is due to be affirmed.

Affirmed.

LAWSON, GOODWYN and MERRILL, JJ., concur.

On Rehearing.

STAKELY, Justice.

On application for rehearing the view is expressed that the opinion in this case is in conflict with the opinion in the case of Klibanoff v. Tri-Cities Retail Clerks' Union, Local No. 1678,[1] 64 So.2d 393. A reading of the opinion in the present case will show that it deals with one exception to which we shall later refer, with the manner in which the picketing was conducted. It does not deal with the purpose for which the strike was called or the picketing done. The opinion was written in answer to the propositions advanced by the appellant in brief, which are numbered I through XI, inclusive. All of these propositions, except VIII and IX, as we understand them, deal with the manner in which the picketing was conducted. Propositions VIII and IX do deal with the object of the strike as implemented by the picketing, but base the unlawfulness of the strike as so implemented on the failure of the union to comply with the requirements of § 382, Title 26, Code of 1940. What we have said is sufficient answer to the charge that we

1. 258 Ala.Sup. 479.

overlooked an important feature of the case in preparing the opinion.

While we have explained the basis on which our original opinion was prepared, we certainly do not wish to fail to pass upon any meritorious question which may be reasonably presented by counsel in brief. In this kind of a situation we shall indulge a presumption against ourselves. So we shall proceed to point out differences between the Klibanoff case and this case, so as to show that in this case the Klibanoff case need not be considered, pretermitting consideration of the Klibanoff case as an authority in view of the vote of the Justices in that case.

■ In the Klibanoff case the bill of complaint alleged that the demand was made upon the complainants for a contract with the union for a closed shop in which all employees would be required to be union members. In the case at bar there is no allegation charging that the union was demanding a closed shop contract. In the Klibanoff case we understand the evidence to be undisputed in proof of the foregoing allegation in the bill of complaint. In the case at bar there is no proof that a closed shop was ever demanded. In the Klibanoff case it seems to be admitted that less than a majority of the employees joined the union. In the case at bar the evidence is in conflict and at best presented a factual issue, which was foreclosed by the court when the decree was rendered. In the case at bar there is evidence tending to show that a majority of the employees joined the union and signed cards authorizing the union to represent them in seeking union recognition for them. There is testimony that there were about thirty regular full-time employees of the store, excluding department heads and managers. There were about fifteen or sixteen regular part-time employees who worked only one or two days a week, usually on the weekend. There is testimony tending to show thirty-five of the employees of the store had joined the union by signing membership cards. What we mean to say is that even if a majority of the employees were required to vote for a strike before the union was authorized to strike, a question of fact

is presented in this case and the finding of the court should not be disturbed unless palpably wrong. Kelley v. Kelley, 254 Ala. 8, 47 So.2d 212.

Other differences in the two cases could be pointed out but we think that enough has been said to show that the opinion in the present case should not be controlled by anything said in the Klibanoff case.

The application for rehearing is overruled.