# Randle *et al. v.* Daughdrill *et al.*

*Bill in Equity to Determine Claims to Real Estate and to Quiet the Title thereto.*

1. *Statutory bill to quiet title; what possession necessary to maintain it.*—To maintain a bill under the statute to compel determination of claims to real estate and to quiet title thereto, it must be shown that complainant was in the peaceable possession of said property as contradistinguished from contested or disputed possession.

2. *Same; same; sufficiency of evidence.*—In such cases where the evidence shows that the land in question was wild and uncultivated land; that the defendant claims under a deed; pays taxes thereon; has kept trespassers off said property, and has taken tan bark therefrom, it cannot be said that the plaintiff is shown to have such peaceable possession as entitles him to relief.

APPEAL from Chancery Court of Cherokee.

Tried before the Hon. RICHARD B. KELLY.

The bill in this case was filed by appellees against the appellants for the purpose of determining claim to real estate and quieting the title to same under the provisions of the statute. The complainants claimed to own the property described in the bill of complaint as the heirs of Lemuel J. Standifer, and they averred in their bill that they were in the quiet and peaceable possession of said property, and that there was no suit pending to test the validity of the title thereto. It was further averred in the bill that the lands involved in the suit were wild and unimproved lands; that they were without build-

ings; that there was no enclosures thereon, and that no part of said lands were cleared or in cultivation. The defendants in their answer set up a claim to said property as a vendee from the purchaser of said lands at a tax sale, and it was averred in the answer that the defendant Mrs. Mary E. Randle was at the time of the filing of the bill in the peaceable possession of the same and exercising acts of ownership over same.

The complainants introduced testimony which showed that Lemuel J. Standifer entered the lands involved in the suit and received a patent from the Government thereto, and that the complainants were the heirs of the said Standifer; that the lands were wild and wooded lands, and that complainants had constructive possession thereof. The testimony for the defendant tended to show that Mrs. Randle had received a deed to the lands from the purchaser thereof at a tax sale—the delinquent taxes being due fqrom the said Lemuel J. Standifer. There was other testimony for the defendant tending to show that she paid taxes on the lands after her purchase; that she kept trespassers off; that she had cut tan bark from the lands, and had posted notices, warning people not to trespass on said property, and had objected to same parties cutting cross ties from said lands.

Upon the final submission of the case upon the pleadings and proof, the Chancellor decided that the complainants were entitled to the lands, and so ordered. From this decree the appellant appeals and assigns as error the rulings of the court below.

BURNETT, HOOD & MURPHREE, for appellant.—Cited. *Adler v. Sullivan,* 115 Ala. 584 and 587; *Holmes v. Chester,* 26 N. J. Equity 81; 4 Mayfield Digest, Sec. 13 c; *Brann v. Roe,* 43 Ala. 271 and *Abbott v. Page,* 92 Ala. 571.

JAMES AIKEN and T. J. BURTON, *contra.*—Cited *Jackson v. Kirksey,* 110 Ala. 547; *Nolen v. Doss,* 133 Ala. 259.

ANDERSON, J.—The complainants filed their bill to quiet title to land, under sections 809 to 814 of the Code of 1896.

[Birmingham Railway, Light & Power Co. v. Glover.]

This court has repeatedly held that in order to maintain the bill the proof must show a peaceable possession in the complainant as contradistinguished from a contested, disputed or scrambling possession.—*Lynn v. Arndt*, in MS.,; *Brand v. M. S. C. Co.*, 128 Ala. 579; *Adler v. Sullivan*, 115 Ala. 582.

While we do not wish to be understood as holding that respondents have a valid title under the tax sale or to decide in whom is reposed the possession of this land, we do not think the possessory acts of respondents, as shown by the proof, were sufficient to show that complainants did not have the peaceable possession of the land.

A decree pro confesso having been rendered against respondents J. M. Randle, Lowe and Burnett and who do not assign error in this court, this appeal is affirmed as to them. Reversed as to Many E. Randle and a decree will be here rendered dismissing the bill as to her and the costs of the appeal are taxed against the complainants.

Reversed and rendered.

McCLELLAN, C. J., TYSON and SIMPSON, J.J., concurring.