(100 South. 755)

SCOTT et al. v. SCOTT. (5 Div. 893, 893A.)

(Supreme Court of Alabama. June 12, 1924.)

1. Guardian and ward ⬤99—Guardian held to acquire complete title individually to lands sold to purchaser under decree of sale and conveyed to her.

Guardian acquired a complete title individually, free from any trust or interest of her wards, to lands sold under a decree of sale to purchaser, who subsequently conveyed to guardian as an individual, where there was no want of jurisdiction, and purchase was not for guardian's benefit or adverse to wards, and absence of fraud and adequacy of price were expressly admitted.

2. Quieting title ⬤39—Cross-bill to quiet title held without equity.

Cross-bill to quiet title was without equity, where it did not and could not aver that no suit was pending to test the reputed adverse claim: issue of title being fully covered by original bill.

Appeal from Circuit Court, Lee County; N. D. Denson, Judge.

Bill in equity by Walter Scott and others by their next friend, W. M. Scott, against Leta B. Scott, as guardian, with cross-bill by respondent. From the decree both parties appeal. Affirmed.

E. Herndon Glenn, of Opelika, for appellants.

A guardian cannot acquire valid title to the lands of his ward by purchase at a sale procured by his own application, either directly or indirectly. 28 C. J. 1188; Calloway v. Gilmer, 36 Ala. 354; McCartney v. Calhoun, 17 Ala. 301; Cottingham v. Moore, 128 Ala. 213, 30 South. 784.

─────────────

⬤For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Dickinson & Dickinson, of Opelika, for appellee.

The cause should have been retained and relief granted on the cross-bill. Ex parte Conradi, 210 Ala. 213, 97 South. 569; Haralson v. Whitcomb, 200 Ala. 165, 75 South. 913; Stow v. Bozeman, 29 Ala. 394; Abels v. Insurance Co., 92 Ala. 382, 9 South. 423; Wilkinson v. Roper, 74 Ala. 140 The guardian had such interest as to permit her purchase at the sale. Schloss & Kahn v. Brightman, 195 Ala. 540; 70 South. 670.

BOULDIN, J. By this bill minors, suing by next friend, seek to declare a resulting trust in lands held by their guardian.

The case made by the bill is substantially this: Complainants, in common with adult brothers, owned the remainder interest in certain lands under the will of their father, subject to an estate devised to their mother during widowhood. The adult brothers conveyed their interests to the mother. The mother qualified as guardian of complainants, and filed a bill in equity individually and as guardian to sell the lands for the maintenance and education of the wards. A decree of sale was granted, the lands duly advertised and sold to public auction, May 26, 1921, and purchased by National Bank of Opelika. The sale was duly reported and confirmed, and deed executed to the purchaser under the decree of the court. Thereafter, on November 30, 1921, the bank executed a deed conveying the lands to the guardian as an individual. The bill then avers:

"Orators aver that on account of the fiduciary capacity in which she was acting, to wit, as their guardian, the respondent Leta B. Scott was an improper grantee under said deed, and that the effect of her act was to attempt to do indirectly that which she had no authority to do directly, and that the said deed of conveyance from the said National Bank of Opelika to Leta B. Scott above referred to is voidable at the instance of the complainants, and that the legal effect of the entire transaction was to constitute her a trustee for the benefits of her said wards (the complainants), and should be so nominated in the deed made to her for the said lands."

The prayer is that the transaction be construed, that respondent be required to convey to complainants all the right and title to which they are entitled, and general relief decreed.

The answer denies the equity of the bill; alleges her purchase of the lands was in good faith, free from fraud, and in her individual capacity; that the title vested in her in her own right and not in trust for the wards; and that the wards had the benefit of their interest in the money paid by the bank.

The answer further avers:

"She avers unto your honors that the idea has gone out that this respondent had no interest in said lands which in contemplation of law would authorize her to buy them for her own use, either at public sale by her as guardian, or at private sale from the vendees at such guardian sale."

This erroneous view so obtained as to defeat an application for a loan on the lands, etc.

The answer is made a cross-bill praying for a decree settling beyond controversy her rights and the rights of the wards, if any, in the lands, 'and for general relief. The answer to the cross-bill was a general denial, restating the conclusions of law asserted in the bill.

The submission was upon the pleadings and an agreed statement of facts, saying:

"That as guardian of complainants respondent sold the land described in the bill for the support and education of complainants under decree of the chancery court; that at said guardian sale the National Bank of Opelika bought said lands at a fair consideration, and the sale was confirmed by the court and deed made under order thereof; that several months later respondent bought the land at private sale from the bank, and title was made to her individually; that said sale was for a fair consideration and free from fraud."

This statement of the case readily suggests the proper decision.

[1] The record shows a regular judicial sale of lands for a lawful purpose by a court of competent jurisdiction. Martin v. Barnett, 205 Ala. 220, 87 South. 324; Goodman v. Winter, 64 Ala. 410, 434, 38 Am. Rep. 13.

There is shown no want of jurisdiction of the parties nor of the subject-matter. The purchase by the bank is not shown to have been for the benefit of the guardian. No interest in the purchase nor other interest adverse to the wards in the conduct of the sale is charged or proven as against the guardian. Absence of fraud and adequacy of price are expressly admitted. Under this record the National Bank of Opelika took a complete title to the property Having a good title, it could convey a good title. It is not charged nor shown that the guardian bought the property from the bank as guardian, nor invested the wards' money therein, taking title to herself as an individual.

Under this record Leta B. Scott took a good and complete title individually, free from any trust or interest of complainants.

No case is here presented as to whether a guardian having an individual interest in lands may directly or indirectly become the purchaser at the guardian's sale.

[2] The court correctly decreed that complainants are not entitled to relief. Neither is there equity in the cross-bill. Its purpose seems to be to quiet title. It cannot be taken as a statutory cross-bill to quiet title, because it does not aver and could not aver that no suit was pending to test the reputed adverse

claim. The issue was fully covered by the original bill, and fully adjudicated by the decree thereon.

The cause is affirmed on both appeals.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.