70 So.2d 260

## MacQUEEN v. McGEE.

### I Div. 565.

Supreme Court of Alabama.

Jan. 21, 1954.

J. Terry Reynolds, Jr., Mobile, and Wm. R. Lauten, Fairhope, for appellant.

**316**

J. B. Blackburn and Wilters & Brantley, Bay Minette, for appellee.

MERRILL, Justice.

This appeal is from a final decree denying respondent and appellant MacQueen the relief sought through his cross bill and granting relief to complainant McGee in quieting title to a lot in Baldwin County. Appellee has moved this court to dismiss the appeal because of certain omissions in the transcript, which have now been supplied, and on other grounds which are without merit. The motion to dismiss the appeal is overruled.

The bill is a proceeding in rem, naming certain respondents, one of whom is appellant, to quiet title to certain land located on Magnolia River, described as "Lot 2 according to map and plat of Rosalie Boudan Estate, as surveyed and made by Dan Williams, situated on the east prong of Fish River in Section 31, Township 7 South, Range 3 East, in Baldwin County, Alabama," and was filed May 11, 1949.

The bill shows that the Probate Court of Baldwin County on the 10th day of April, 1939 decreed the sale of certain lands, including Lot 2, for the state and county taxes then due by assessment of Smallman, MacQueen Construction Company, a corporation; that the State of Alabama became the purchaser at the tax sale and that there was no redemption; that D. Z. Grove purchased the land from the State on June 17, 1942, and he sold said land to complainant McGee on November 10, 1942, and that complainant had been in the continuous and peaceful possession of the land and had regularly paid taxes thereon since that time and that there was no suit pending to test complainant's interest in or title to or possession of the land.

The complainant took a decree pro confesso in July 1949 which was later set aside as to respondent MacQueen and after his demurrer to the bill was overruled, he filed an answer and cross complaint in which he denied that complainant had acquired any title under the conveyance from D. Z. Grove and he showed that the property in this litigation, and property across the river from it, had originally been owned by Smallman, MacQueen Construction Co., a corporation; that said company had executed a mortgage on both tracts and the property had been bought in at mortgage foreclosure sale by Trustee Investment Co. of which appellant was sole owner; that respondent and cross-complainant MacQueen entered the military service of the United States in April, 1942 and remained in said service until November, 1945; that in February of 1947 he employed an attorney to look into the matter of redeeming both tracts of land which had been bought from the state by D. Z. Grove; that he filed an action in personam against C. F. and Julia Baker, who had purchased the property across the river from D. Z. Grove, but in his bill of complaint he described both tracts. The prayer of the cross bill asked that he be decreed to be the legal title holder to the lot and that he be placed in possession.

The appellee McGee filed an answer to the cross bill generally denying the allegations and setting up the statute of limitations as a bar to the action.

■ For the purposes of this opinion we pretermit certain questions of appellant's title prior to his entry into the military service and will assume that title was in appellant at the time the lot was sold to the state for taxes. We think under the authority of Title 50 U.S.C.A.Appendix, § 525, Soldiers' and Sailors' Civil Relief Act of 1940, Peace v. Bullock, 252 Ala. 155, 40 So.2d 82, and Le Maistre v. Leffers, 333 U. S. 1, 68 S.Ct. 371, 92 L.Ed. 429, that our short statute of limitations, Code of 1940, Title 51, § 295, was tolled as long as MacQueen was in the military service, or, in this case, until November, 1945. We are primarily concerned with what happened after that time, but it would be appropriate to state that MacQueen visited the property in 1944 while in the military service and noticed the timber on the lot had been cut.

The complainant McGee had taken possession of the property in 1943 under his quitclaim deed from Grove and rented it to Clarence and Paul Eslava and they continued to be his tenants from 1943 up to the time of the trial of the case.

The Emmett Brothers, Richard and James, lived on property adjoining Lot No. 2 and testified as witnesses for appellant. They knew that the place had been offered for sale to them by Mr. Grove, that he had cut the timber off the place before selling to McGee, that the Eslava boys had used the land for some purposes every year since 1943 but the use had not been visible from the public road in front of the property.

After employing his attorney in the early part of 1947, Mr. MacQueen had a search made of the records of Baldwin County by an attorney at Bay Minette, who in June 1947 reported that both tracts of land had been sold for taxes in the name of Smallman, MacQueen Construction Company, and in 1942 sold by the State to Mr. D. Z. Grove. Mr. Grove sold the property on the south side of the river to the Bakers, and as already stated, sold the lot on the north side of the river, here involved, to Mr. McGee. The McGee deed was recorded on August 22, 1947, which was prior to the date the suit against Mr. and Mrs. Baker was filed, November 10, 1947, but subsequent to the check of the records by the attorney.

It is undisputed that the first information which the appellee or his attorney had of the Baker suit was in July, 1949 when he secured a decree pro confesso in the instant case. The final decree in the Baker suit was signed in May, 1952.

■ Considered in the light most favorable to appellant, he had until November, 1948 to redeem the land involved in this suit. He took such action against the Bakers in November, 1947 and was permitted to redeem that part which Grove had sold to them. At the time the Baker suit was filed, the appellant could have ascertained the following facts: (1) That the deed from McGee to Grove was of record and had been since August 22, 1947; (2) that the records in the tax assessor's office showed an assessment of the lot by Mr. McGee for the tax years 1944–45–46 and 47; (3) that his witnesses, the Emmett Brothers, living on the adjoining lot, knew that Mr. McGee claimed the property and that the Eslava boys were using it as tenants of McGee; (4) that the Eslava boys, who lived about ¼th mile on the opposite side of the property from the Emmetts, were claiming possession as tenants under McGee. Notwithstanding this available information, the suit of appellant was in personam against the Bakers alone, and as such could have no binding effect on McGee, the holder of record title and the party in possession.

■ We are, therefore, of the opinion that the relief prayed for in appellant's cross bill was properly denied and that his right of redemption was barred by the "short statute of limitations," Code 1940, Title 51, § 295, the applicable part of which reads: "No action for the recovery of real estate sold for the payment of taxes shall lie unless the same is brought within three years from the date when the purchaser became entitled to demand a deed therefor; * * *." The foregoing has application

.when a party comes into equity to quiet title, where the land was bought in by and later purchased from the State, and where the tax sale was void. Odom v. Averett, 248 Ala. 289, 27 So.2d 479.

■ There was sufficient evidence to support the decree to quiet title, in that the essential elements of adverse possession as listed in Moorer v. Malone, 248 Ala. 76, 26 So.2d 558, 559, and the use or exercise of such dominion over it " 'as in its present state it is reasonably adapted to' " were established.

Having decided that the appellant's action is barred by the statute of limitations, it is unnecessary to consider other points raised by appellant, except to note that we have examined every case cited in brief as supporting the contention that appellee was estopped to plead the statute of limitations, and we find no case which is applicable to the case at bar.

It follows that the decree of the trial court should be affirmed.

Affirmed.

LIVINGSTON, C. J., and LAWSON and STAKELY, JJ., concur.