108 So.2d 364

**TRAILMOBILE, INC.,**

v.

**L. B. CONNELL.**

5 Div. 662.

Supreme Court of Alabama.

May 23, 1957.

Rehearing Denied March 20, 1958.

Second Application for Rehearing Denied Jan. 8, 1959.

**442**

Glen T. Bashore and Jos. J. Mullins, Clanton, for appellant.

A. B. Foshee and Francis W. Speaks, Clanton, for appellee.

STAKELY, Justice.

This appeal is from a judgment of the circuit court dated September 6, 1956, granting the petition for mandamus of L. B. Connell (appellee) directing the clerk of the circuit court to enter satisfaction of a judgment for Trailmobile, Inc. (appellant), against L. B. Connell (appellee) in a suit in detinue instituted by Trailmobile, Inc., against L. B. Connell.

Trailmobile, Inc., a corporation (appellant), filed its complaint in statutory detinue against L. B. Connell (appellee) for a certain tandem van trailer and also filed its detinue bond in the amount of $25, which was duly approved by the clerk of the court. The writ was executed and possession of the trailer taken by the sheriff. Thereupon the defendant executed a replevin bond and regained possession of the trailer. After various steps in the case, which need not be outlined here, the suit came on for trial before the court without the intervention of a jury, upon the complaint, plea in short by consent and a suggestion by the defendant that the suit was by the vendor in a conditional sale contract and request for a finding of the balance due on the contract. The court found for the plaintiff and rendered judgment for the

property sued for, fixed the alternate value at $2,500, assessed damages for its detention at $3,300 and found the balance due on the contract to be $4,123.93. This judgment is dated June 9, 1956.

On July 7, 1956, the defendant filed a motion for new trial and the court entered an order continuing the motion for hearing on July 24, 1956, and ordered a stay of execution pending final disposition of the motion. The defendant retained possession of the property. Thereafter on motion of plaintiff, the clerk of the circuit court issued a writ of execution, stating that on July 10, 1956, the sheriff had ordered forfeiture on defendant's replevin bond. The defendant then moved for an order to the clerk to mark the judgment paid and satisfied and subsequently petitioned the court for an alternative writ of mandamus to the clerk of the court for the same purpose.

The facts alleged in the petition are that within thirty days from the original judgment one of the sureties on defendant's replevin bond tendered to the clerk of the court the sum of $4,123.93 plus costs in the case in satisfaction of the judgment. He was informed by the clerk that this was not sufficient to satisfy the judgment in view of plaintiff's attorney's claim and that he could not accept the payment. The surety later, but still within the thirty day period, made another tender but was informed by the clerk that plaintiff's attorney refused to accept the amount, claiming that the amount of the judgment was $5,800, viz., the alternate value of the property fixed at $2,500 in addition to damages for detention assessed at $3,300. On July 20, 1956, the surety again tendered the clerk an amount equal to the balance due on the contract plus interest and attorney's fees and costs as payment of the judgment. The clerk accepted the tender and thereafter gave the plaintiff's attorney two checks drawn by him for the amounts deposited by the surety. On the checks it appears the clerk had endorsed "on the judgment" in the case as numbered on the court docket. Plaintiff's attorney accepted and cashed these checks and in turn remitted the proceeds of the checks to appellant. It is finally alleged that the clerk refused to mark the judgment satisfied.

It was agreed that the trial court should consider defendant's motion for new trial and the petition for mandamus at the same time. The judgment entry recited a denial of the motion for new trial and granting of mandamus by the court directing the clerk to enter full satisfaction of the judgment and that the forfeiture of the replevin bond and execution issued be annulled.

By agreement of the parties this case is submitted to this court both on the motion to dismiss the appeal and on the merits.

As appears from the foregoing statement, the judgment rendered on June 9, 1956, was for the plaintiff for the property sued for. The alternate value of the property was fixed at $2,500 and damages for the detention thereof was fixed at $3,300. Suggestion was made that the property was bought under conditional sales contract and the balance due on the contract was found to be $4,123.93. Obviously, as contended by the appellant, § 929, Title 7, Code of 1940, has no application in this case because the amount due under the contract at the time of the trial was found to be more than the value of the property sued for. Johnson v. Bouler, 237 Ala. 325, 186 So. 715, 121 A.L.R. 683.

We call attention to the provisions of § 923, Title 7, Code of 1940, because the record shows that for more than thirty days after the judgment, the defendant, who had given bond and taken the property into his possession, failed to deliver up the property and to pay the damages assessed for the detention thereof and the costs. In accordance with the provisions of the section here referred to, the bond under these circumstances has the force and effect of a judgment on which execution may issue against any one or all

of the obligors thereon for the alternative value of the property and the damages assessed for its detention and the costs. These principles are fully set forth in Johnson v. Bouler, supra. It should also be noted that this authority holds that the mere filing of a motion for new trial, as was done in this case, constitutes no impediment to the execution of the judgment or decree. Therefore as contended by the appellant, up to this point, it cannot be said that the payment of the balance due on the contract and the costs of the court terminated the litigation in favor of the defendant.

From this point in the case a peculiar situation arose. Twice the surety on the replevin bond offered to pay the court costs and the balance due on the contract. In each of these instances counsel for the plaintiff refused to accept such payment, taking the position that the plaintiff was entitled to payment of the amount of the alternate value plus damages for the detention and the court costs. We consider this position of the plaintiff as correct. Johnson v. Bouler, supra.

But the surety on the replevin bond together with the defendant apparently did not stop here and in some way paid the balance due on the contract, interest and costs into court as a satisfaction of the judgment. It is not clear as to what was said and done by the clerk of the court and the defendant when this payment was made.

The fact remains that such amount of money was paid into court and the further fact is true that such amount of money was received by the attorney for the plaintiff who remitted the same to appellant, although the check from the clerk of the court to the attorney showed that the payment was made on the judgment. We believe that the acceptance and retention of this money by the appellant changes the entire situation in the case and justified the court in granting the mandamus to require that the judgment be marked "satisfied and paid."

It is true that as a general rule the acceptance of a part of a single indebtedness with a discharge of the balance is binding only when there is a dispute as to whether there is a balance. American Life Ins. Co. v. Williams, 234 Ala. 469, 175 So. 554, 112 A.L.R. 1215. Hand Lumber Co. v. Hall, 147 Ala. 561, 41 So. 78. Here it will be recalled the appellant accepted the amount which represented the balance due on the contract interest and costs thereon and claims that in doing so there was no accord and satisfaction of the judgment which the court directed the clerk to satisfy. We are impressed with the view that the claim which the appellee sought to pay was a claim in dispute and that the money which was offered by the surety on the bond and the appellee in settlement of the dispute should be regarded as an accord and satisfaction because the judgment here under consideration was not only appealable but its correctness was under attack by a motion for a new trial which at that time had not been acted upon. It seems to be the law that since a motion for a new trial was at that time pending and the judgment could be questioned on appeal, acceptance of the money tendered by the appellee should be regarded as full settlement and in discharge of the judgment. 1 Amer.Juris., § 8, pp. 218–219. The text of the authority here cited is supported by the following excerpt from 100 Am.St. Rep. 447:

"The rule in regard to the waiver of a party's right of appeal constituting a good consideration for an accord and satisfaction of the judgment based on a part payment of the judgment was stated in Bofinger v. Tuyes, 120 U.S. 198, 7 S.Ct. 529, 533, 30 L.Ed. 649, as follows: 'The right of the defendants to appeal from the decree, and the fact that they had declared their intention to do so, created such a dispute in respect to their liability as made it a proper subject of compromise.'"

It results that the judgment of the court rendered on September 6, 1956, is due to be affirmed.

Affirmed.

LIVINGSTON, C. J., and LAWSON and MERRILL, JJ., concur.

On Rehearing.

STAKELY, Justice.

The correctness of the opinion in this case rendered May 23, 1957, rehearing denied March 20, 1958, and published in 267 Ala. 339, 101 So.2d 73, having been brought into question, the writer caused the same to be entered on the rehearing docket within the term. It may be added that an effort was made to correct the foregoing opinion before it was published in final form but our effort came too late. It will be noted that we applied the doctrine of accord and satisfaction and held the mandamus properly granted to require that the judgment be marked "satisfied and paid" on the theory that the matter was still in litigation. Subsequently we realized that it did not appear from the petition for mandamus that the money which was paid into court, was accepted prior to the time the mandamus was granted. In other words, the judgment of September 6, 1956, could not have been affected by something that occurred thereafter.

We are writing this supplementary opinion in order to correct the inadvertence and to show that the result reached as shown in the foregoing opinion was a correct conclusion. Precedent for our action in this regard may be found in the action of this court in Hendley v. First National Bank of Huntsville, 235 Ala. 664, 180 So. 667, where this court filed a supplementary opinion after the opinion in the same case had been published in Hendley v. First National Bank of Huntsville, 234 Ala. 535, 176 So. 348.

■ Reference to the opinion of the court in this case appearing in 101 So.2d 73, 74, will show the following:

"By agreement of the parties this case is submitted to this court both on the motion to dismiss the appeal and on the merits."

The motion to dismiss the appeal in this court was grounded on the allegation in substance that pending appeal plaintiff had received all that it was entitled to receive under the original judgment. We should have entered a judgment dismissing the appeal rather than rendering a judgment affirming the action of the court in granting the mandamus.

Though we might have dismissed the appeal rather than affirm the judgment, the result is the same. Either would have accomplished the same thing, which is that it left the judgment granting the mandamus in full force and effect.

In our original opinion we took the view that § 929, Title 7, Code of 1940, has no application following as we thought the rule laid down by this court in Johnson v. Bouler, 237 Ala. 325, 186 So. 715, 121 A.L.R. 683. Following again the case of Johnson v. Bouler, supra, we also called attention to the provisions of § 923, Title 7, Code of 1940, and stated that for more than 30 days after the judgment the defendant, who had given bond and taken the property into his possession, failed to deliver up the property and pay the damages assessed for the detention thereof and the costs.

■ Upon further consideration, however, we are convinced that the case of Johnson v. Bouler, supra, has no application in the case now before us. In Johnson v. Bouler, supra [237 Ala. 325, 186 So. 716], Justice Gardner, later Chief Justice, called attention to the proposition that the motion for a new trial did not suspend plaintiff's right for the issuance of the execution and, accordingly, he stated later in the opinion that, "The mere filing

of a motion for a new trial or rehearing, constitutes no impediment to the execution of the judgment or decree." But in the case at bar the original opinion shows that when the defendant filed a motion for a new trial the court not only entered an order continuing the motion for hearing but also ordered a stay of execution pending final disposition of the motion. Accordingly, the case of Johnson v. Bouler, supra, is not controlling and the defendant paid to the clerk within the time allowed by law the amount of the balance due on the contract with interest, attorney's fees and costs. We now think that this resulted in a complete satisfaction of the judgment and the judgment should stand satisfied by the payment to the clerk of the court of the sum of $4,123.93 plus costs, as shown by the record. Accordingly we set aside our judgment of affirmance and dismiss the appeal.

Opinion corrected, judgment of affirmance set aside, appeal dismissed and the second application for rehearing is overruled.

All the Justices concur.