134 So.2d 168

**Joseph D. MYERS et al.**

v.

**M. L. MOORER et al.**

I Div. 767.

Supreme Court of Alabama.

March 23, 1961.

Rehearing Denied Oct. 26, 1961.

W. Dewitt Reams, S. R. Stephenson and Pillans, Reams, Tappan, Wood & Roberts, Mobile, for appellants.

Caffey, Gallalee & Caffey, Mobile, for appellee, Moorer.

McCorvey, Turner, Johnstone, Adams & May, Mobile, for appellee, Magnolia Petroleum Co.

COLEMAN, Justice.

This is an appeal by complainants from a final decree, granting the relief prayed for by respondents in their cross bill, in a suit whereby complainants seek to quiet title and to redeem from a tax sale.

The land involved is described as W½ of NW¼ of Section 14, in Township 1 North, of Range 3 West, in Mobile County. It appears to lie in the Citronelle oil field. There are no improvements on the land and it is unenclosed except for a fence which was erected either, as complainants contend, after suit was filed or, as respondents contend, a few days before such filing. The land is bounded on one side by the Russell Road and, prior to discovery of oil, was valuable chiefly for turpentine and timber.

Complainants are holders of the record title. Respondents claim under a deed from A. B. Jeffries who acquired under a tax sale. The parties agreed and stipulated as follows:

"One: The record title to this property is out of the Government and was vested in Jennie Brown, a widow, at the time she conveyed said property to William *M.* Myers and Joseph D. Myers.

"Mr. Caffey: Modify that to the time of the deed.

"Mr. Reams: By deed dated March 18, 1932.

"Two: The respondent(s) acquired tax title to said property by means (sic) conveyances from A. B. Jeffries, who received tax deed under a tax sale against William F. and Joseph D. Myers.

"Three: A. B. Jeffries and M. L. Moorer and Magnolia Petroleum Company had *j*uly as(s)essed and paid taxes on the said property each year since A. B. Jeffries acquired the title on July 12, 1938, and no one, other than the said persons, have paid tax on the said property, or any part thereof, since that time.

"Court: You mean from the time of the tax deed to the present time?

"Mr. Reams: Yes sir. That is correct."

The contentions of complainants were expressed by counsel to the trial court as follows:

"The theory, under which we brought this case, is the same as a number of other cases that have come from the Circuit Court of Mobile County and gone up to the Supreme Court of Alabama. It is a Statutory Bill to Quiet Title, and combined with that is the effort to redeem from a tax sale under provisions of Section 296, Title 61, of the Code of Alabama of 1940. Under that section, and under the cases construing that section, we feel that the law is settled, that so long as the tax purchaser has not taken actual, adverse, open, notorious and continuous pos(s)ession of the property and held it for three years, that the record holders are entitled to redeem from the tax sale, and it is under that theory this suit is brought."

By the decree appealed from, the trial court denied complainants' right to redeem, dismissed their bill, and decreed that respondents are the owners of the land in suit and that complainants have no right, title, or interest therein.

■ As we understand the briefs of complainants, they contend on this appeal that the decree appealed from was in error because the evidence fails to show that respondents and their grantor, Jeffries, who purchased the tax title, have had three years of adverse possession such as will vest title in respondents under the short statute of limitations, § 295, Title 51, Code 1940.

Testimony was taken ore tenus and we are of opinion that it is sufficient to sustain

a finding that respondents have had three years, or more, of adverse possession since Jeffries acquired his tax deed.

Jennie Brown, stipulated holder of the record title, conveyed to William F. Myers, now deceased, and his brother, Joseph D. Myers, by quitclaim deed dated March 18, 1932. H. W. Macon testified that under an agreement with "Myers. Mr. or Mrs. Myers. I don't know which it was," he, Macon, turpentined the land from 1933 to 1938.

William F. Myers died intestate in Savanna, Illinois, in 1939, leaving two children, Robert F. Myers and Edna Myers McKay. Joseph D. Myers, Robert F. Myers, Edna Myers McKay, and A. B. Case who holds deeds from Joseph D. and Robert F. Myers, are the complainants.

Joseph D. Myers testified in answer to interrogatories as follows: he is 59 years old and has lived in or near Savanna, Illinois, all his life; he visited Mobile once 23 years ago; he and William F. Myers never lived in or near Citronelle and the widow and children of William F. Myers never lived there; Joseph D. and William F. Myers paid taxes on the land, but Joseph D. does not believe they paid any taxes after 1938 and he did not remember whether they paid any taxes on the property since 1933; Joseph D. Myers first learned that oil had been found at Citronelle when A. B. Case went to see Joseph D. at Savanna, Illinois, in October, 1955; and Joseph D. Myers, for $50, executed a deed to Case dated "October 26, 1955," whereby Myers reserved to himself an undivided one-half interest in "the usual one-eighth royalty."

A deed from Joseph D. Myers to A. B. Case is in evidence and is dated October 25, 1955. A similar deed of same date from "Robert Myers" to Case for a recited consideration of $25 is also in evidence.

A. B. Case testified on cross-examination that he had been on the land once before he bought it, about a month before; that up to that time he did not know anything about the property or who claimed it; that on November 9, 1955, the day this suit was filed, he had the land surveyed and assisted in making the survey; that making the survey occupied about three hours, from nine-thirty to twelve-thirty; that he put up about one-half dozen "No Trespassing" signs bearing his name, some in front and some in back of the property; and that he had since been on the land on one occasion to look at two stumps.

We have found in the record no other evidence tending to show any actual possession by any of the complainants since 1938. Clearly, on the evidence heard ore tenus, the court could, without error, find that complainants had no actual possession after 1938. We do not understand that complainants seriously contend that they were in actual possession after 1938.

Complainants appear to contend, however, that they had constructive possession as holders of the record title and that their constructive possession had not been ousted by actual possession on the part of respondents, as was held in Tensaw Land & Timber Company v. Rivers, 244 Ala. 657, 15 So.2d 411.

As noted above, A. B. Jeffries acquired a tax deed in 1938. In 1941, he conveyed to the respondent, M. L. Moorer. The other respondent, Magnolia Petroleum Company, holds an oil lease from Moorer.

There was testimony which, if true, showed that, after acquiring his deed in 1938, Jeffries went on the land and cut timber thereon; that the respondent, Moorer, bought the land from Jeffries in 1941; that Moorer physically went on the land; that Moorer found "Posted" or "Keep Off" signs that had been placed around the land by Jeffries; that Moorer, by employees, turpentined the land for three years in 1942, 1943, and 1944; that 1,400 to 2,000 cups were placed on trees on the land in this operation; that Moorer had employees looking after the land and to keep trespassers off; that Moorer himself frequently went on the land; that in 1948 and 1949 Moorer had certain timber cut and instruct-

ed the party cutting to leave certain trees; that the party cutting the timber built a mule lot on the land in 1948 and signs of the lot are still there; that in 1948, Moorer executed a stump lease and the lessee removed stumps from the land under authority of the lease; that in 1953, Moorer sold pulpwood on the land and the purchaser cut and removed pulpwood under Moorer's authority; that in 1954, Moorer executed a right of way deed to the Alabama Power Company and the company erected a power line on the land under the deed; that in 1954 or 1955, Moorer authorized cutting of timber on the land and pine and hardwood were cut; that he gave permission to use the land for pasture and to hunt on it; that soon after he bought the land, he put up posted signs around the land and replaced them every 3 to 5 years; and that Moorer fenced the land a few days before this suit was filed after he had learned of the recording of the deeds to A. B. Case. It is stipulated that Jeffries and the respondents have paid all taxes on the land since 1938. There is no evidence that Moorer's title to the land was ever questioned before this suit was filed. Clearly no one other than Jeffries and Moorer have had actual possession since 1938.

"'* * *. "To constitute an actual possession of land it is only necessary to put it to such use or exercise such dominion over it as in its present state it is reasonably adapted to." Alabama State Land Co. v. Matthews, 168 Ala. 200, 53 So. 174, 175.'" Pfaffman v. Case, 259 Ala. 411, 413, 66 So.2d 890, 891.

We are of opinion that the evidence of the acts done on the land by respondents under claim of ownership during a period of seventeen years sustains a finding that respondents had adverse possession for more than three years after 1938. There is contradictory evidence which presented an issue of fact for the trial court to decide. That court heard testimony ore tenus and decided in favor of respondents. We cannot say that the decree appealed from is plainly and palpably wrong.

In the answers of Joseph D. Myers and Lawrence A. Smith to interrogatories propounded to them, there are statements that from 1943 to 1947 one or both of the complainants, Robert F. Myers and Edna Myers McKay, were serving in the Armed Forces of the United States. Complainants argue that possession by Moorer was ineffective against the complainants, Robert and Edna, during their military service, and that respondents have failed to show three years of adverse possession since said military service terminated. See MacQueen v. McGee, 260 Ala. 315, 70 So.2d 260.

We have not found in the bill of complaint any averment that these complainants were in military service. Proof without averment is as unavailing as averment without proof, Salmon v. Wynn, 153 Ala. 538, 45 So. 133; and proof without allegation cannot be considered, Shiland v. Retail Clerks, 259 Ala. 277, 66 So.2d 146. Under this rule, we might properly disregard complainants' argument concerning the evidence of military service because that matter was not pleaded. We are of opinion, however, that respondents have shown adverse possession for three years or more after the military service terminated.

The decree of the circuit court is due to be and is affirmed.

Affirmed.

SIMPSON, STAKELY, and MERRILL, JJ., concur.

LIVINGSTON, C. J., and GOODWYN, J., dissent.

GOODWYN, Justice (dissenting).

It seems to me that the majority opinion might well lead to further confusion and doubt as to the proper procedure to be followed in a suit to quiet title under the provisions of Code 1940, Tit. 7, § 1109 et seq. I say this because no consideration is given to cases which I think have a direct bearing on the authority of the trial court to determine the title to be in the respondents when the complainants have failed to establish

their peaceable possession of the lands. There are cases holding that a complainant's peaceable possession is essential to the maintenance of such a suit; that failure to establish such possession brings to an end any litigable controversy between the parties; and that the dismissal of the original bill carries with it a cross-bill which is not rested upon a special equity independent of the equity asserted in the original bill. See: McGowin v. Felts, 263 Ala. 504, 506, 83 So.2d 228; Crump v. Knight, 250 Ala. 393, 396, 34 So.2d 593; Price v. Robinson, 242 Ala. 626, 628, 7 So.2d 568; Grayson v. Muckleroy, 220 Ala. 182, 186, 124 So. 217; Buchmann Abstract & Investment Co. v. Roberts, 213 Ala. 520, 521, 105 So. 675; Central of Georgia Railroad Company v. Rouse, 176 Ala. 138, 57 So. 706; Holland v. Coleman, 162 Ala. 462, 468, 469, 50 So. 128; Ladd v. Powell, 144 Ala. 408, 410, 39 So. 46; Tilley's Alabama Equity Pleading and Practice, § 237, p. 314.

As said in Crump v. Knight, supra [250 Ala. 393, 34 So.2d 595]:

"In Buchmann Abstract & Investment Co. v. Roberts, 213 Ala. 520, 105 So. 675, 676, it was observed:

"'* * * In the light of our former decisions, we are constrained to hold that the possessory acts herein indicated on the part of respondent were sufficient as a contest of complainant's possession so as to destroy the peaceable character thereof and constitute it a disputed, contested or scrambling one. * * *'

"The court further observed: 'This conclusion destroys the jurisdiction of the court over the cause at its very threshold, and renders unnecessary a consideration of the questions which constitute any of the issues as to the contest of title. These matters are properly here pretermitted. Ladd v. Powell [144 Ala. 408, 39 So. 46] supra.'

"When the court determined that the complainant had failed to establish such possession as warranted the maintenance of his bill, this ended any litigable controversy between the parties, and the dismissal of the original bill carried with it the cross bill, as it was not rested upon any special equity independent of the equity asserted in the original bill. * * *" [Emphasis supplied.]

In Price v. Robinson, supra, this court, after concluding that complainants did not have peaceable possession of the lands, had this to say [242 Ala. 626, 7 So.2d 570]:

"This conclusion destroys the jurisdiction of the court over the cause, and renders unnecessary a determination of any issue as to the contest of title. These questions are properly here pretermitted." [Emphasis supplied.]

From Grayson v. Muckleroy, supra, is the following [220 Ala. 182, 124 So. 220]:

"* * * Proof of peaceable possession, actual or constructive, was necessary to sustain the equity of the bill, and in the absence of such proof the court was without jurisdiction to adjudicate and determine the title. * * *" [Emphasis supplied.]

As required by § 1109, Tit. 7, the original bill in this case alleged that complainants were in peaceable possession of the lands and that no suit was pending to test the title. The respondents (appellees), in answering the bill, denied that complainants were in peaceable possession and admitted that, at the time the bill was filed, no suit was pending to test the title. The answer, as required by § 1111, Tit. 7, set forth the basis of respondents' claim to ownership of the lands. Respondents then made their answer a cross-bill with a prayer that the court decree ownership of the lands to be in them. There is no allegation that respondents were in "peaceable possession." However, taking the allegations as a whole, the cross-bill probably is sufficient to show such possession. Nor does the cross-bill contain an allegation that, at the time of its

filing, there was no suit pending to test the title.

The trial court decreed "that complainants are not entitled to relief on their bill of complaint as last amended and that the same should be and * * * is hereby dismissed with prejudice"; that "cross-complainant, M. L. Moorer, is the owner in fee simple" of the lands, subject only to an oil, gas and mineral lease to Magnolia Petroleum Company, one of the respondents and cross-complainants; and "that none of the complainants * * * has any right, title, or interest in, or any lien or encumbrance on, the said real property." The decree contains no factual findings. However, as appears from the majority opinion, there is evidence showing that complainants did not have peaceable possession. As I read the majority opinion, no conclusion is reached as to whether the cross-complainants were in peaceable possession but only that they have the superior title.

Since the complainants did not establish their peaceable possession, it is my view, on authority of the cases cited, supra, that dismissal of the original bill carried with it the cross-bill, as it was not based on an equity independent of the equity asserted in the original bill, that is, the statutory equity.

In this connection, the question arises whether a cross-bill alleging the statutory requirements of peaceable possession by a cross-complainant and of no suit pending to test the title can be a basis for relief under the statute. In other words, since such a cross-bill meets the requirements of the statute, why should not the cross-complainant be entitled to maintain his suit and have the title determined the same as if it were an original suit? The obvious answer is that the pleadings in the case affirmatively show that, at the time the cross-bill was filed, there was in fact a suit then pending—the original suit brought by complainant—testing the title. See: Floyd v. Andress, 246 Ala. 301, 305(5), 20 So.2d

331; Owen v. Montgomery, 230 Ala. 574, 576, 161 So. 816; Scott v. Scott, 211 Ala. 424, 425, 100 So. 755. As said in Floyd v. Andress, supra [246 Ala. 301, 20 So.2d 334]:

"* * * But while the cross-bill contains the allegation of no suit pending, as required by the statute, yet when this allegation is considered in the light of the original bill, it appears that there was in fact a suit pending in which the title is involved when the cross-bill was filed. Owen v. Montgomery, 230 Ala. 574, 161 So. 816. For this reason we will not sustain the cross-bill as a statutory bill to quiet title."

In Owen v. Montgomery, supra, it is said [230 Ala. 574, 161 So. 817]:

"* * * While the cross-bill contains the essential allegation of no suit pending, yet such averment is to be viewed in the light of the proceedings and the purpose of the original bill therein answered, and so viewed discloses there is in fact a suit pending in which the title is involved. It is inconsistent with the entire proceedings, and, as pleading, must fall of its own weight. * * *"

This could well have been the reasoning behind the holding in Crump v. Knight, supra [250 Ala. 393, 34 So.2d 596], that "the dismissal of the original bill carried with it the cross bill, as it was not rested upon any special equity independent of the equity asserted in the original bill."

If it should be held that the title can be determined in the statutory proceeding when the complainant fails to prove his peaceable possession, and no independent equity is involved, it would create, it seems to me, an illogical result. For instance, suppose the trial court should hold that the complainant does not have peaceable possession and consequently dismisses his bill, but nevertheless holds that the respondent has the superior title. The complainant then appeals to this court seek-

ing a review of that holding. In our review suppose we conclude that the trial court was in error and that the complainant has the superior title. What would be our disposition of the case? In holding that the respondent does not have the superior title, would we not necessarily have to hold complainant's title to be superior? If that is so, would we reverse and remand the case for a new trial even though the complainant could not maintain his bill, because he was not in peaceable possession? Should we reverse the trial court and render a decree holding that the complainant has the superior title? If we do that would we not be holding that complainant can get relief even though his bill was properly dismissed? It seems to me that this would be a most illogical result. Should we reverse the trial court and render a decree simply holding that the trial court erred in decreeing the title to be in respondent? If that should be done the effect would be to hold that the complainant has the superior title, for the essence of the statutory proceeding is to settle the title as between the parties to the suit; in other words, to determine which has the superior title. Necessarily then, as between the parties, one or the other has the superior title. To hold that the respondent does not have it would be to hold that the complainant does. But the complainant cannot get relief even though the court has decided he has the superior title because, as already noted, he has failed to establish his peaceable possession as required by the statute. Can it be said, with any degree of logic, that the legislature intended any such results? Clearly not, it seems to me.

Another situation comes to mind. It has been held repeatedly that a contested, disputed, or scrambling possession will not support a suit to quiet title under the statute. McGowin v. Felts, 263 Ala. 504, 83 So.2d 228, supra, and cases there cited; Walthall v. Yohn, 252 Ala. 262, 40 So.2d 705, and cases there cited; Price v. Robinson, 242 Ala. 626, 7 So.2d 568, supra, and cases there cited. Suppose there is a scrambling possession. Clearly, the complainant's bill could not be sustained and should be dismissed. In that situation, on what basis would the trial court be authorized to proceed to a determination of the title as between the parties (there being involved no equity independent of the statutory equity)? Even if the respondent should seek relief by a cross-bill setting up the statutory equity, there would be a failure to establish his peaceable possession, which is one of the statutory essentials for maintenance of such a bill. Surely, if complainant could not maintain his bill due to failure to establish his peaceable possession, the respondent, failing to establish such possession in himself, could not maintain his cross-bill.

Another situation concerns the determination of title when neither party is in the actual possession of the lands. The statute (§ 1109, Tit. 7) provides that the peaceable possession may be either "actual or constructive." If there is no actual possession, the required "peaceable possession" under the statute rests with the holder of the legal title. Walthall v. Yohn, 252 Ala. 262, 40 So.2d 705, supra; Ex parte Proctor, 247 Ala. 138, 22 So.2d 896; Brunson v. Bailey, 245 Ala. 102, 16 So.2d 9; Shannon v. Long, 180 Ala. 128, 60 So. 273; George E. Wood Lumber Co. v. Williams, 157 Ala. 73, 47 So. 202. So, if it should be determined that the complainant has the legal title (no one being in actual possession) then he would have the constructive peaceable possession, which would be sufficient under the statute. In that situation the suit could be maintained the same as if complainant had established his actual peaceable possession. On the other hand, if it be determined that the respondent has the legal title then he would have the constructive peaceable possession, thus denying to complainant the right to maintain his suit. In that circumstance, the status of the proceedings would be identically the same as if the evidence had established that the respondent, and not the complainant, was in the actual peace-

able possession. The effect of determining the title in that situation has been discussed above.

No doubt the able Justices of this Court who participated in the decisions cited above gave consideration to these practical results, and there may well be other results not here noted producing similar dilemmas. I am convinced those holdings are in accord with the legislative purpose and intent, that they are logical and sound, and should be applied in this case.

It should be remembered that we are dealing here with a proceeding which is cognizable in equity only by virtue of a statute. It might be that such statute should be revised to make it unnecessary for the complainant to have peaceable possession of the lands in order to maintain a suit to quiet title thereunder, as has been done when the state is a complainant. See Section 1115, Tit. 7, Code 1940. Too, it can be argued, with some merit, that a respondent, being brought into court, should be permitted to have his title determined in such proceeding even though the complainant fails to establish his peaceable possession. But in the light of the statute as presently written and the foregoing authorities dealing with it, it seems to me that the legislature has purposely restricted the maintenance of such a suit to instances where the complainant is in peaceable possession and no suit is pending to test the title. If there is to be a broadening of proceedings under the statute, it should be done by the legislature and not by this court.

I feel that the question of the authority of the trial court to determine the title in favor of the respondents is one going to the jurisdiction of that court which should be affirmatively disposed of in this case. The cases holding that there is a lack of jurisdiction to determine the title should either be applied or overruled. Only in this way can the bench and bar of this state know what course to follow in the disposition of similar cases. The question should be met and settled. The fact that the parties have not raised the question cannot operate to confer jurisdiction.

For the foregoing reasons, I respectfully dissent.

LIVINGSTON, C. J., concurs in the above dissent.

## On Rehearing.

COLEMAN, Justice.

■ On original deliverance, the decree appealed from was affirmed. The dissenting opinion raised questions which had not been discussed or considered in the opinion of the court. To consider the questions raised by the dissenting opinion, the cause was placed on rehearing by application of the writer before the end of the term at which decision was rendered. Appellees have filed a motion to strike the cause from the rehearing docket and have filed a brief in support of the motion.

As we understand the brief, appellees concede that this court, acting by a majority of the justices, may, during the term at which a decision was rendered, place a cause on rehearing, but vigorously assert that a single justice cannot do so.

The opinions indicate that the cause was placed on rehearing by a single justice in the following cases: Alabama Company v. Brown, 207 Ala. 18, 92 So. 490; First National Bank of Brantley v. Standard Chemical Company, 226 Ala. 509, 147 So. 682; Hendley v. First National Bank of Huntsville, 235 Ala. 664, 180 So. 667; Trailmobile, Inc. v. Connell, 268 Ala. 441, 108 So.2d 364.

The docket entry in the instant case recites as follows:

"June 26, 1961 Cause Placed On Rehearing, Coleman, J. * * *"

Appellees say the foregoing entry does not evidence action by the court sufficient to place the cause on rehearing.

The corresponding docket entry in Alabama Company v. Brown, supra, found in Appearance Docket, Book 72, page 193, recites:

"Oct 29 1921  Restored to Rehg Docket, order Thomas, J."

Except for the date and name of the justice, the docket entry is substantially the same in each of the other three cases last cited above. It appears that the practice of placing a cause on rehearing on application of a single justice has long been followed, although it has been followed sparingly.

■ We agree that, so far as we are advised, no order reversing or modifying a decision of this court can be made by a single justice in the absence of statute or rule so providing. To apply for rehearing is not, as it seems to us, to reverse or modify, and, while a single justice may not reverse or modify, he may, during the term, apply to the court to do so.

So far as we are advised, the authority of a single justice to apply for rehearing as was done in the case at bar has not before been questioned in this jurisdiction. Precedent of long standing supports the exercise of the authority. We are of opinion that appellees' motion to strike should be overruled. It is so ordered by the court.

The dissenting opinion advocates a holding to the effect that in a statutory suit to quiet title under Title 7, § 1109 et seq., Code 1940, in the absence of a cross bill resting on an independent equity, the court does not have jurisdiction to declare that respondent has superior title if the evidence fail to support a finding that complainant was in peaceable possession at the commencement of the suit. The holdings in the cases cited in the dissenting opinion fall into eight categories:

1st. Cases where a decree for complainant was reversed and a decree rendered dismissing the bill of complaint because the evidence showed that complainant's possession was not peaceable but was disputed or scrambling, to wit: Ladd v. Powell, 144 Ala. 408, 39 So. 46; Holland v. Coleman, 162 Ala. 462, 50 So. 128; Central of Georgia R. Co. v. Rouse, 176 Ala. 138, 57 So. 706; Buchmann Abstract & Investment Co. v. Roberts, 213 Ala. 520, 105 So. 675; McGowin v. Felts, 263 Ala. 504, 83 So.2d 228.

2nd. Cases where a decree quieting title in respondent was reversed and decree rendered dismissing the bill or so much of decree of circuit court as undertook to quiet title in respondent was eliminated from the decree, because the evidence showed that complainant's possession was scrambling or the evidence failed to show that it was peaceable, to wit: Price v. Robinson, 242 Ala. 626, 7 So.2d 568; Crump v. Knight, 250 Ala. 393, 34 So.2d 593.

3rd. Cases where a decree denying relief to complainant and dismissing bill was reversed and a decree was rendered quieting complainant's title because the evidence showed that complainant had peaceable possession at the commencement of the suit and also held the better title, to wit: George E. Wood Lumber Co. v. Williams, 157 Ala. 73, 47 So. 202; Walthall v. Yohn, 252 Ala. 262, 40 So.2d 705.

4th. Cases where a cross bill was not sustained as a statutory bill to quiet title because the original bill was a prior suit pending, to wit: Scott v. Scott, 211 Ala. 424, 100 So. 755; Owen v. Montgomery, 230 Ala. 574, 161 So. 816; Floyd v. Andress, 246 Ala. 301, 20 So.2d 331.

5th. Statutory action of ejectment in which the nature of a statutory suit to quiet title is discussed, but which holds that defendant was entitled to the affirmative charge under § 3107, Code 1923; § 295, Title 51, Code 1940; to wit: Grayson v. Muckleroy, 220 Ala. 182, 124 So. 217.

6th. Case holding that plea of res judicata was correctly sustained and that plea

in abatement was sufficient where amendment to bill and the ruling sustaining the plea worked an entire change of parties complainant, to wit: Ex parte Proctor, 247 Ala. 138, 22 So.2d 896.

7th. Case holding that demurrer to a bill filed by landlord against tenant, to quiet title and redeem from tax sale, was correctly overruled, to wit: Brunson v. Bailey, 245 Ala. 102, 16 So.2d 9.

8th. Case holding that general demurrer for want of equity, to bill filed by executor of landlord against tenant, was correctly overruled, to wit: Shannon v. Long, 180 Ala. 128, 60 So. 273.

The cases in the 1st category are reversals of decrees for *complainants*. The decree now under review is a decree quieting title in *respondents*. Because of this difference, the 1st category cases do not control the instant case.

The decisions in the 3rd category rest on an interpretation of evidence to the effect that complainant had proved that he had both peaceable possession and legal title. The evidence in the case at bar does not support such a conclusion.

▪ █ The cases in the 4th category hold that a cross bill resting solely on the statute is without equity because the original bill is a pending suit in which the title could be enforced or tested. We do not think a cross bill is necessary for a decree declaring that respondent has superior title or that the cases in the 4th category throw any light on the instant problem.

The case in the 5th category, Grayson v. Muckleroy, supra, contains much discussion of suits to quiet title but the action is ejectment and the decision rests on the short statute of limitations, so that holding is of no assistance here. We do not think the cases in the 6th, 7th, or 8th categories are of any assistance in the instant case.

█ There remain to be considered the two cases in the 2nd category. Without questioning the soundness of Price v.

Robinson, supra, we think it can be distinguished from the case at bar with respect to the possession shown by the evidence. In Price v. Robinson, the opinion states that the acts of respondents were sufficient to make complainants' possession a scrambling one. In the case at bar, the complainants' possession at the filing of the suit was not scrambling. Complainants simply had no possession at all. The only acts of possession shown to have been done by any of the complainants during the seventeen years next preceding the filing of the bill of complaint in the instant suit were going on the land on the day suit was filed for about three hours, putting up "No Trespassing" signs, and assisting in a survey. Merely going upon lands which are at the time in the actual possession of another, and claiming title thereto and warning such other off, is not such possession as will maintain or defeat a bill filed under the statute. Jordan v. McClure Lumber Co., 170 Ala. 289, 54 So. 415. The acts done by complainants in the case at bar did not constitute possession by complainants nor oust the possession of respondents. We are of opinion that the evidence supports a finding that respondents were in actual peaceable possession when the instant suit was filed. In that respect the instant case differs from Price v. Robinson, supra, where the possession was scrambling.

█ In Crump v. Knight, supra, the opinion suggests that the possession may have been scrambling, but does not expressly so state. If the possession was scrambling, then what we have said with respect to Price v. Robinson, supra, applies also to Crump v. Knight. If the possession was not scrambling, then Crump v. Knight is contrary to the instant decision and must be overruled.

The cause of the difficulty is the statement to the effect that failure to prove that complainant was in peaceable possession "destroys the jurisdiction" of the court. Statements to that effect are found in: Buchmann Abstract & Investment Co.

v. Roberts, supra; Grayson v. Muckleroy, supra; McCaleb v. Worcester, 224 Ala. 360, 363, 140 So. 595; Price v. Robinson supra; Crump v. Knight, supra; McGowin v. Felts, supra; Mettee v. Bolling, 266 Ala. 50, 52, 94 So.2d 191. In only two of these last cited cases, i. e., Price v. Robinson and Crump v. Knight, was a decree quieting title in the respondent reversed. The statement first appears, so far as we are advised, in the Buchmann Abstract case, where this court said:

"The respondent is shown, not only to have claimed the right to possession, but has indicated such claim by possessory acts, as above referred to, and such claim of possession was in fact brought to the knowledge of complainant's agent. As said in [Geo E.] Wood Lumber Co. v. Williams, supra [157 Ala. 73, 47 So. 202], the way was open for a contest of such possession and claim thereto. In the light of our former decisions, we are constrained to hold that the possessory acts herein indicated on the part of respondent were sufficient as a contest of complainant's possession so as to destroy the peaceable character thereof and constitute it a disputed, contested or scrambling one. Ladd v. Powell, supra [144 Ala. 408, 39 So. 46]; Crabtree v. Alabama Land Co., supra [155 Ala. 513, 46 So. 450]; Randle v. Daugh(d)rill, supra [142 Ala. 490, 39 So. 162]; Donohoo v. Smith, 207 Ala. 296, 92 So. 455.

"This conclusion destroys the jurisdiction of the court over the cause at its very threshold, and renders unnecessary a consideration of the questions which constitute any of the issues as to the contest of title. These matters are properly here pretermitted. Ladd v. Powell, supra." 213 Ala. 520, 521, 105 So. 675, 676.

While it is established that a complainant in a statutory bill to quiet title, who fails to prove his peaceable possession, thereby fails to sustain the equity of his bill and is not entitled to relief, the cases cited in support of the assertion in the Buchmann case do not hold that where complainant fails to prove his peaceable possession the court is without jurisdiction to quiet the title of the respondent. In Ladd v. Powell, the decree appealed from and reversed by this court was a decree declaring that respondents had no title. The decree in Crabtree v. Alabama Land Co., supra, was to the same effect and was also reversed.

The decree appealed from in Randle v. Daughdrill, supra, also was a decree deciding that complainants were entitled to the land. This court reversed as to the respondent who had shown some possessory acts such as would defeat the peaceable possession of complainants, but this court affirmed the decree as to two respondents who had suffered a decree pro confesso to be rendered against them. Apparently, this court did not regard the failure to prove complainants' peaceable possession as destroying the jurisdiction of the court as to those two respondents because the decree was affirmed as to them, and to affirm a decree is to hold that it is not void. Vaughan v. Vaughan, 267 Ala. 117, 100 So.2d 1; Capps v. Norden, 261 Ala. 676, 75 So.2d 915.

In Donohoo v. Smith, supra, this court affirmed a decree dismissing the bill and denying relief to complainant.

The cases cited in the Buchmann case do support the proposition that a complainant who fails to prove his peaceable possession is not entitled to have his title declared superior to that of respondent, but the cited cases do not hold that the title of a respondent shown to be in peaceable possession cannot be quieted in him, or that the court lacks jurisdiction to render a decree declaring that respondent has superior title. The Buchmann case itself does not hold that the court lacks jurisdiction to render a decree declaring that a respondent shown to be in peaceable possession has superior title. The Buchmann case holds merely, in accord with the cases there cited, that a complainant who fails to prove his peace-

able possession is not entitled to a decree quieting the title in him.

As noted in Adler v. Sullivan, 115 Ala. 582, 22 So. 87, the Alabama statute, Title 7, § 1109 et seq., was taken from a similar statute in New Jersey. The procedure in Alabama, however, has developed along lines different from those followed in New Jersey. It appears that in New Jersey, where respondent denies "the jurisdictional facts of peaceable possession by the complainant * * *.," the settled practice is that the court "will try in the first instance the issue of jurisdiction thus presented, and will not go into the question of the respective titles of the parties until the jurisdictional question has been decided," and "If the court decided the issue so presented in favor of the defendant, that would be the end of the controversy. If the court, however, found against the defendant on this issue * * * the defendant would file his affirmative pleading * * * setting forth his title or claim, and thereafter the proceeding would follow as above indicated." Under the New Jersey practice, respondent's answer is split in two. The court first tries the "jurisdictional question" and if the result is not adverse to complainant, the court holds a further final hearing in which that part of the answer which sets up the title of respondent is for the first time noticed and disposed of. Fittichauer v. Metropolitan Fire Proofing Co., 70 N.J.Eq. 429, 61 A. 746, 747. In Alabama the question of complainant's peaceable possession, if denied by respondent, and also the issue of which party has superior title, are presented together in one trial.

There are at least two Alabama cases which indicate that respondent's title may be declared superior, although the evidence failed to support the "jurisdictional" averment that complainant was in peaceable possession when the suit was commenced. Those two cases are the two next cited.

In Vandegrift v. Southern Mineral Land Co., 166 Ala. 312, 51 So. 983, 984, the trial court rendered a decree adjudging that complainant owned the mineral and that respondents owned a mere surface interest. There was no cross bill. The opinion, citing Randle v. Daughdrill, supra, recognized the rule that under the statute, complainant must have peaceable as distinguished from scrambling possession. The opinion states that complainant did not show actual possession, that the evidence shows that respondents were in actual possession of the land when the bill was filed, and that the presumption is that one who has possession of the surface has possession of the subsoil also. The opinion states: "The complainant cannot maintain this bill as to the land in question, for the reason that it was not in possession of the surface or the mineral when the bill was filed." This court, however, proceeded to reverse the decree in so far as it adjudged complainant owner of the minerals and to render a decree adjudging the respondents the absolute owners, as against complainant, of all the lands in which they were decreed to have a mere surface interest. It is difficult, if not impossible, to reconcile the Vandegrift decision with the proposition that lack of peaceable possession in complainant deprives the court of jurisdiction to declare that a respondent in peaceable possession has a title superior to that of a complainant who had no possession.

In Rucker v. Jackson, 180 Ala. 109, 60 So. 139, the bill of complaint alleged that complainants owned the land and were in possession of same. Respondent, by his answer, claimed the minerals and denied that complainants owned or were in possession of the land. There was no cross bill. The trial court rendered a decree declaring that respondent had no title to the minerals and that the minerals were the property of complainants. On appeal, the decree was reversed and a decree rendered declaring that title to the minerals was in the respondent. The opinion states:

"The statute authorizes a bill like this to be filed by any person in the peaceable possession of lands, whether actual or constructive, claiming to own the same. Where neither party has actual

possession, necessarily the issue becomes one of title, drawing to it constructive possession, and with the burden upon complainant to show title in order to maintain his bill, and this rule applies in this case, for, when the bill was filed, no one was in possession of the land. Nor has there ever been any such actual possession as would affect the title. The witnesses with one accord say that the property has never been occupied, cultivated, or improved; that it is and has been a wild woodland." 180 Ala. 109, 114, 60 So. 139, 140.

Thus it appears that complainants' lack of both actual and constructive peaceable possession of the minerals did not deprive the court of jurisdiction to declare that respondent had superior title to the minerals.

■ The doctrine of estoppel suggests another reason why we should not hold that lack of evidence of peaceable possession in complainant requires reversal of a decree declaring that respondent has superior title. Complainant has chosen the arena in which to contest the rights of respondent and has represented to the court that he, the complainant, has peaceable possession. By making this representation he has given equity to his bill and has compelled respondent to prove his claim. It would be inequitable to permit complainant, after he has lost in the trial court, to assume an inconsistent position on appeal and say that because he lacked peaceable possession the decree against him cannot stand. In fairness to the instant complainants, we note here that they have not attempted to take such an inconsistent position. It would further appear that the appellate court should not be compelled, on its own motion, to give complainant the benefit of an inconsistent position which, in equity, he ought not to be permitted to assume for himself.

No question of disputed or scrambling possession is presented in the instant case. Because it is unnecessary, we do not decide what the result should be where the decree quiets title in respondent and the possession is shown by the proof to be scrambling. See: Chestang v. Tensaw Land & Timber Co., Inc., ante, p. 8, 134 So.2d 159.

We do decide that when the evidence shows, as it does here, that respondent has peaceable possession and also has superior title, a decree so declaring, which is rendered on a statutory bill and answer, will not be reversed on the ground that the court lacked jurisdiction to render the decree. Anything to the contrary which may be found in Price v. Robinson, Crump v. Knight, or other cases, is disapproved and will not be followed.

■ The decree here appealed from dismissed the bill and granted the relief prayed for in the cross bill. The cross bill was unnecessary because respondents could have their title determined on the bill and answer. Collier v. Alexander, 138 Ala. 245, 36 So. 367; Vandegrift v. Southern Mineral Land Co., supra; Hinds v. Federal Land Bank of New Orleans, 235 Ala. 360, 179 So. 194. Moreover, the cross bill contains no independent equity, fails to allege that cross-complainants are in peaceable possession, and fails to allege that no suit is pending to test the title. As in Collier v. Alexander, supra, the decree, in ordering a dismissal of complainants' bill, was irregular, and in this respect will be corrected. It is upon bill and answer that the decree fixing the status of the title is based. The decree as corrected will be affirmed.

Motion overruled.

Opinion extended.

Rehearing overruled.

LAWSON, SIMPSON, STAKELY and MERRILL, JJ., concur.

LIVINGSTON, C. J., and GOODWYN, J., concur in overruling the motion to strike, but dissent as indicated in the opinions of GOODWYN, J.

**32**

GOODWYN, Justice (dissenting).

I find no case specifically holding that the title to land can be quieted under the provisions of Code 1940, Title 7, § 1109 et seq., when complainant does not have the "peaceable possession" of such land. True, as shown by the majority opinion, there are cases in which title was quieted although complainant did not have such possession. But in those cases the jurisdictional question was not directly dealt with or discussed. On the other hand, cases referred to in the dissenting opinion on original deliverance specifically and unequivocally hold that complainant's peaceable possession goes to the jurisdiction of the court. I would follow these cases rather than those indicating sub silentio a contrary holding.

LIVINGSTON, C. J., concurs.